PRIEBE, Appellant,

v.

O'MALLEY et al., Appellees.█

[Cite as *Priebe v. O'Malley* (1993), 89 Ohio App.3d 8.]

Court of Appeals of Ohio,
Medina County.

No. 2143.

Decided May 5, 1993.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

*Robert F. Belovich,* for appellant.

*Edward G. Kemp* and *Jonathan D. Fishbane,* for appellees.

REECE, Judge.

Plaintiff-appellant, Myron C. Priebe, appeals the trial court's judgment finding the defendants-appellees, James G. O'Malley et al., did not violate their fiduciary duty owed to Priebe as a minority shareholder in a close corporation. We affirm.

In 1984, Priebe and two of the defendants, James O'Malley and Thomas Pendolino, formed a third defendant, Tri–County Roofing & Maintenance, Inc. ("Tri–County R & M"). Pendolino and Priebe had been the sole shareholders in a prior corporation, Tri–County Roofing and Siding, Inc. To entice O'Malley to quit his job in the local union and join the corporation, Pendolino and Priebe agreed to make him an equal shareholder upon the pledge of $23,000. All three shareholders were voted as directors and officers of the corporation and each participated in the day-to-day business operations of Tri–County R & M. Priebe's duties included sales and promotions for the company. The bulk of the company's business came from commercial sales.

According to Pendolino, company records establish that he sold the vast majority of the commercial roofing jobs in 1984 and 1985. Priebe acknowledged this, but asserted that he was told to stop selling roofing jobs as the corporation was operating at peak capacity and that jobs credited to Pendolino were actually from customers Priebe had brought to the business in previous years. The parties agree that Priebe was placed in charge of residential sales in 1986, which decreased while he was in charge. Priebe blamed this on a lack of advertising and inadequate equipment.

Pendolino testified that he began to receive complaints from other employees regarding Priebe's work habits. The complaints centered around Priebe's failure to follow up on customers' complaints, his inaccurate job estimates, his failure to work full daily hours, his taking of company property for personal use, his inability to work well with other employees, and his failure to follow corporate directives. Priebe denied that any of these specific instances occurred.

On September 4, 1986, Priebe was removed as a corporate director, but he remained an employee and a shareholder. According to Pendolino, Priebe's work was still unsatisfactory. In order to focus Priebe's work schedule, O'Malley and Pendolino developed an itinerary for him to follow. Priebe was presented with this itinerary, considered it, and refused to follow it because he felt it placed him under the authority of Bev Miller, the company's secretary. On March 6, 1987, Priebe was fired. However, he continues as a shareholder of the company.

On April 18, 1987, Priebe filed suit in the Medina County Common Pleas Court alleging breach of fiduciary duty, breach of an employment contract, and a violation of corporate regulations. The case proceeded to trial and on July 17,

1992, the trial court issued its judgment in favor of the defendants on all three claims. Priebe brings this appeal asserting two assignments of error.

## Assignments of Error

"I. The trial court's decision was erroneous as a matter [of] law and against the weight of the evidence when it failed to find that the appellees breached their fiduciary duty.

"II. The trial court's decision that there was no employment contract that covered Mr. Priebe was contrary to law and against the manifest weight of the evidence."

### Manifest Weight Standard of Review

Priebe asserts that the trial court's findings on the issue of the breach of a fiduciary duty and the absence of an employment contract were against the weight of the evidence.

The Ohio Supreme Court has stated that judgments supported by some competent and credible evidence establishing all the elements of the case will not be reversed as being against the weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411–412, 461 N.E.2d 1273, 1276. Further, a reviewing court should accord a trial court's decision a presumption of correctness. *Id.* This presumption is required because questions of credibility and evaluating evidence are primarily for the trier of fact. *Ostendorf–Morris Co. v. Slyman* (1982), 6 Ohio App.3d 46, 47, 6 OBR 156, 157–158, 452 N.E.2d 1343, 1345–1346; *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 154, 521 N.E.2d 1099, 1100. Thus, a reviewing court should not reverse a trial court's decision when it merely has a difference of opinion on questions of credibility or the weight of the evidence; rather, a trial court's decision should be overturned only when there is no competent and credible evidence. *Seasons Coal,* 10 Ohio St.3d at 81, 10 OBR at 412, 461 N.E.2d at 1277.

### Breach of a Fiduciary Duty

Priebe asserts that the trial court erred in finding that O'Malley and Pendolino breached their fiduciary duty owed to Priebe as the minority shareholder in a close corporation. Priebe bases this assertion on *Crosby v. Beam* (1989), 47 Ohio St.3d 105, 548 N.E.2d 217.

It is true that the majority or controlling shareholders in a close corporation owe a "heightened fiduciary duty" to the minority shareholders. *Id.* at paragraph two of the syllabus. Thus, majority shareholders cannot use their control of the corporation to their advantage without providing the same opportunity to the minority, unless the majority has a legitimate business purpose. *Id.*

The trial court, while acknowledging that O'Malley and Pendolino owed a fiduciary duty to Priebe, based its decision on the "legitimate business purpose" that the majority had to terminate Priebe. The court found that Priebe was not producing sales and that he was not working well with other employees. Other evidence existed on the record that Priebe was converting corporate property to personal use, that he was not working full daily hours, and that he threatened to shut down the company. While Priebe questions the veracity of this evidence, our task is not to judge its credibility. Rather, we are required to examine the record and determine if competent, credible evidence exists. Based on this record, we cannot find that the majority lacked a legitimate business purpose for breaching its fiduciary duty to Priebe if, in fact, this duty was breached.

## Implied Contract

In the area of employment contracts, there exists "a strong presumption in favor of a contract terminable at will unless the terms of the contract or other circumstances clearly manifest the parties' intent to bind each other." *Henkel v. Educational Research Council* (1976), 45 Ohio St.2d 249, 255, 74 O.O.2d 415, 418, 344 N.E.2d 118, 122. See, also, *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 102–103, 19 OBR 261, 262–264, 483 N.E.2d 150, 152–154 and fn. 1.

However, the *Mers* court recognized that the cumulative effect of various events may transform an employment-at-will agreement into an implied contract for a definite term. *Mers*, at paragraph two of the syllabus, states:

"The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge."

A strong presumption exists against such arrangements. *Henkel*, 45 Ohio St.2d at 255–257, 74 O.O.2d at 418–420, 344 N.E.2d at 121–123; *Mers*, 19 Ohio St.3d at 102, fn. 1, 19 OBR at 262, fn. 1, 483 N.E.2d at 152, fn. 1. Moreover, in an implied contract all of the essential elements of a contract must be met. *Rudy v. Loral Defense Sys.* (1993), 85 Ohio App.3d 148, 152, 619 N.E.2d 449, 452.

In this case, Priebe asserts that he "believed he would be able to retire from" Tri–County R & M. Priebe bases this belief on his participation in building the company over thirty years. However, Tri–County R & M was founded in 1984. The other companies in which Priebe and Pendolino were shareholders were liquidated to form Tri–County R & M.

Further, testimony was presented that established that the new corporation was formed because of difficulties in the former corporation. These difficulties led Pendolino to consider ending his business relationship with Priebe. Pendolino claimed he only agreed to form Tri–County R & M if a third shareholder were brought in to end deadlocks and if all parties agreed to put forth a concentrated effort to make the venture succeed. To ensure this effort was forthcoming, Tri–County R & M formulated a work policy allowing it to "relieve" any director or shareholder of his holdings in the company and/or any salary or compensation if he did not perform his duties satisfactorily. This policy indicates Tri–County R & M's desire to ensure that no one would hold a position for life unless he carried his own weight. This policy is a strong indication that Priebe was not promised lifetime employment.

Further, Priebe points to no specific promise, oral or written, that substantiates his subjective belief of continued employment. Absent such assurances, Priebe's claim must fail, as he has evidenced no implied, lifetime contract. Simply because an employee believes he will be employed for life does not bind an employer for such a contractual term. Priebe's second assignment of error is without merit.

The trial court's judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.