DECISION AND JOURNAL ENTRY
Appellant Charles E. Hood appeals from the judgment of the Medina County Court of Common Pleas affirming the decision of the Ohio Bureau of Unemployment Compensation Review Commission disallowing the payment of employee benefits. This Court affirms the judgment.
Hood was employed by Ohio Fasteners Tool, Inc. ("Ohio Fasteners") as a salesman working out of the Canton, Ohio office. In March of 1997 Hood purchased a catering truck and advised his manager Thomas Osbourne that he was going to use the truck as a transition to retirement. Hood told Osbourne that the truck would be used to sell food at auctions, and that his daughter, son-in-law, and wife were available to operate the truck.
Company President Richard Sullivan and Osbourne became suspicious that Hood was operating his truck during work hours. Hood would fail to respond to pages on days he was inexplicably absent from the office. When Hood was advised of a customer problem he would decline to see the customer until the next day.
Sullivan and Osbourne discovered that Hood was absent for part or all of eleven days in which he never requested time off, as required by company policy. On September 17, 1997, Sullivan and Osbourne went to Hood's home and noticed that his catering truck was not there. Sullivan and Osbourne proceeded to an auction at Kent Worldwide Machine Works, where they observed Hood and his catering truck open for business during company time.
The next day Hood was summoned to a meeting with Sullivan, Osbourne, and Sales Manager George Ebert. Sullivan advised Hood that he was seen at the Kent auction, and that Hood could resign or be fired. Hood said that he was sorry, admitted that he was wrong, and asked if they could reconcile. Sullivan responded that no reconciliation was possible. Hood then signed a previously prepared letter of resignation. Shortly thereafter, on the advice of his counsel, Hood requested that his resignation letter be returned to him. Sullivan returned the letter and discharged Hood.
On October, 16, 1997, Hood filed an application for the determination of unemployment benefit rights. On November 5, 1997, Hood's benefit rights were suspended after the administrator determined that Hood was discharged for good cause. Upon a request for reconsideration, the administrator reversed the initial decision and determined that Hood was discharged without good cause.
Ohio Fasteners filed an appeal to the Ohio Unemployment Compensation Review Commission ("Review Commission"). A hearing was held on the matter on February 18, 1998. On February 20, 1998, the hearing officer reversed the administrator's determination and found that Hood was terminated for just cause. On March 31, 1998, the Review Commission denied Hood's request for further appeal.
Hood appealed the decision of the Review Commission to the Medina County Court of Common Pleas. On April 16, 1999, the court affirmed the decision of the Review Commission.
Hood timely appeals, raising two assignments of error.
 Assignment of Error No. I THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW BY FAILING TO CONSIDER THE APPELLANT'S STATUS AS A 42.7 PERCENT SHAREHOLDER OF THE APPELLEE COMPANY, AS WELL AS AN OFFICER AND DIRECTOR, IN DETERMINING THAT THE APPELLANT WAS DISCHARGED FOR JUST CAUSE.
Assignment of Error No. II
 THE COURT OF COMMON PLEAS ERRED BY FINDING THAT APPELLANT HAD NOT REQUESTED, OR WAS NOT ENTITLED TO, THE VACATION DAYS THAT HE WAS TAKING DURING THE TIME APPELLEE CLAIMS APPELLANT WAS ABSENT FROM WORK WITHOUT PERMISSION.
The foregoing assignments of error will be reviewed together as they raise similar issues of law and fact.
In his first assignment of error, Hood argues that the common pleas court erred by failing to consider his status as a shareholder, officer, and director in resolving the question of whether he was discharged for just cause. In his second assignment of error, Hood argues that the common pleas court erred by affirming findings that Hood was absent without leave of his employer.
The procedural posture of this case is an administrative appeal governed by R.C. 4141.28(O). An appellate court may reverse a just cause determination by the Review Commission only if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakas Mannas v. Ohio Bur. of Emp. Serv.
(1995), 73 Ohio St.3d 694, 696. This standard of review applies from the first level of review in the common pleas court through the final appeal to the Ohio Supreme Court. Id.
 Neither the Common Pleas Court nor this court has any authority to substitute its judgment for that of the administrator or Board of Review. The Court, acting in its appellate jurisdiction, is not the judge of the credibility of the witnesses. That is the function of the trier of the facts. If the decision is supported by credible proof, the finding may not be disturbed. What conclusion either the Common Pleas Court or this court might reach in the original hearing is an entirely different and immaterial matter. The determination of this factual question was within the province of the Board of Review. Brown-Brockmeyer Co. v. Roach
[(1947)], 148 Ohio St. 511.
Martinez v. Chemlawn Corp. (Sep. 28, 1983), Lorain App. No. 3495, unreported, quoting Kilgore v. Board of Review (1965),2 Ohio App.2d 69, 72-73. This standard of review is unchanged by the fact that Hood owned stock in the employer close corporation.[1]
A finding of just cause "is that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine v. Unemployment Comp. Bd. of Review
(1985), 19 Ohio St.3d 15, 17, quoting Peyton v. Sun T.V. Appliances (1975), 44 Ohio App.2d 10, 12. The record in the instant case contains credible evidence to support the finding of a just cause dismissal for absenteeism. Review by the employer revealed that Hood had taken off all or part of eleven days during the summer of 1997 without leave of the employer. Hood would often fail to return company pages when he was inexplicably absent. Hood was cavalier about customer needs and would defer them to following days. Moreover, on September 17, 1999, the day before Hood was discharged, Hood was discovered at an auction with his catering truck on company time. When confronted the following day, Hood said that he was sorry, that he was wrong, and asked for a reconciliation that the employer denied. Accordingly, this Court finds that the common pleas court properly concluded that there was credible evidence supporting the finding that Hood was discharged for just cause.
Hood's claim that the common pleas court did not consider his status in the company is factually inaccurate. Review of the order appealed from reveals that the common pleas court states that it undertook a review of the evidence in the record. Hood's status as minority shareholder, officer, and director were facts in the record of the administrative hearing. Likewise, Hood's claim that the days he was absent were really vacation days was a part of the record below. These claims were rejected by the Review Commission and the common pleas court. These proofs in no way change the standard of review or command a particular result. Ultimately, it is properly left to the Review Commission as trier of fact to resolve competing points of evidence. See Tzangas,supra, at 697. "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision." Irvine, supra, at 18. Therefore, this Court concludes there was credible evidence supporting the determination that Hood was discharged for just cause.
Hood's first and second assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT SLABY, P. J., WHITMORE, J., CONCUR.
[1] Hood argues that his status as a minority shareholder in the employer close corporation changes the standard of review in this case to a "legitimate business purpose" standard. However, each of the cases cited by Hood involve shareholder suits for breach of fiduciary duty and/or breach of contract and are, therefore, distinguishable from the case at bar. See Crosby v.Beam (1989), 47 Ohio St.3d 105; Cruz v. South Dayton UrologicalAssoc., Inc. (1997), 121 Ohio App.3d 655; Priebe v. O'Malley
(1993), 89 Ohio App.3d 8; Gigax v. Repka (1992), 83 Ohio App.3d 615
. Actions for breach of fiduciary duty or breach of contract are civil proceedings originally filed in the court of common pleas. Just cause termination cases originate before an administrative body and reach the court of common pleas as an administrative appeal. This Court concludes that the "legitimate business purpose" standard has no application to an administrative appeal taken under R.C. 4141.28(O), such as in this case.