KILGORE, APPELLEE, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLANTS.

(No. 231—Decided January 18, 1965.)

*Mr. David G. Howell,* for appellee.
*Mr. William B. Saxbe,* attorney general, for appellant.

COLLIER, P. J.   This case originated in the Common Pleas Court of Jackson County as an appeal from a decision of the Unemployment Compensation Board of Review.   Robert S. Kilgore, the claimant, seeking unemployment benefits, filed his application with the Bureau of Unemployment Compensation on July 25, 1962, naming his employer as Ohio Pipe Line Construction Company, Inc.   The claim was disallowed by the Administrator, Bureau of Unemployment Compensation, on the ground that the claimant was discharged by his employer with just cause in connection with his work.   The claimant appealed to the Unemployment Compensation Board of Review, a referee was appointed and testimony was taken at two hearings, after which the administrator's decision was affirmed.

The claimant then filed an appeal for a further appeal which the Board of Review disallowed.   From that decision the claimant perfected his appeal to the Common Pleas Court of Jackson County.   The Court of Common Pleas reversed the decision of the Board of Review and the administrator-appellant now seeks a reversal of that judgment.

For his first assignment of error the adminstrator-appellant claims the Common Pleas Court erred in reversing the decision of the Board of Review without finding such decision to be unlawful, unreasonable, or against the manifest weight of the evidence.   The principal complaint under this assignment of error is that the judgment entry does not recite a finding that the decision of the Board of Review was unlawful, unreasonable, or against the manifest weight of the evidence; that such a finding is prerequisite to a reversal.   Section 4141.28 (N), Revised Code (128 Ohio Laws 1308, 1320, 1324), provided:

"* * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * *."

The judgment entry simply reads: "Therefore, the court having reviewed the transcript in this matter and being fully advised in the premises finds that the appeal filed by the appellant is well taken, and that the claimant should be allowed to participate in the unemployment fund. It is, therefore, ordered that the decision of the administrator and the Board of Review should be and is hereby reversed and judgment is rendered in favor of the appellant, to all of which appellee excepts."

The wording of this entry clearly states that the court, after reviewing the transcript, made a factual determination that the claimant should be allowed to participate in the unemployment fund, i. e., that the claimant was entitled to unemployment benefits. In doing so, the court exceeded its jurisdiction. In this appeal the jurisdiction of the Common Pleas Court is appellate and limited to a determination of whether the decision was unlawful, unreasonable, or against the manifest weight of the evidence. In the case of *Brown-Brockmeyer Co.* v. *Roach,* 148 Ohio St. 511, Matthias, J., said:

"The decision of purely factual questions is primarily within the province of the referee and the board of review."

The only duty or authority of the Common Pleas Court was to determine whether the decision of the Board of Review was supported by the evidence in the record. The claimant was not entitled to a trial *de novo.*

Section 4141.28, Revised Code (128 Ohio Laws 1308, 1320, 1324), authorized this appeal, provided the administrative steps to be taken, defined the jurisdiction of the Common Pleas Court and stated the only grounds for a reversal of a decision of the Board of Review. A judgment entry that clearly shows a factual determination by the Court of Common Pleas and nothing else is a nullity and the judgment so rendered is void.

For his second assignment of error, the administrator-appellant claims the Common Pleas Court erred in reversing the

decision of the Board of Review when the decision was not unreasonable, unlawful or against the manifest weight of the evidence. Section 4141.28 (N), Revised Code (128 Ohio Laws 1308, 1320, 1324), provided that "the appeal shall be heard upon such record certified by the board." The transcript of the evidence so certified by the board consists of the testimony of the claimant and Fred Skeens, an employee of Ohio Pipe Line Construction Company, Inc., in the capacity of foreman over the claimant. The claimant testified that he was laid off on June 29, 1962, subject to be recalled when he was needed. Mr. Skeens contradicted claimant's testimony and stated positively that the claimant was discharged on that date because of his absence from work for four days; that claimant had been absent from work two or three days at a time on several occasions without permission and that claimant had been warned that he would be discharged if it happened again. The claimant asserted he had the foreman's permission to be absent. Section 4141.29, Revised Code (128 Ohio Laws 1308, 1324), provided:

"(D) * * * No individual may serve a waiting period or be paid benefits under the following conditions:

"* * *

"(2) * * *

"(a) He quit his work without just cause or *had been discharged for just cause in connection with his work,* * * *" (Emphasis added.)

The question before the Administrator, Bureau of Unemployment Compensation, and the Board of Review, upon this conflicting evidence, was whether the claimant was discharged for just cause in connection with his work. Obviously, the testimony of Mr. Skeens was accepted as more credible than the testimony of the claimant. Neither the Common Pleas Court nor this court has any authority to substitute its judgment for that of the administrator or Board of Review. The court, acting in its appellate jurisdiction, is not the judge of the credibility of the witnesses. That is the function of the trier of the facts. If the decision is supported by credible proof, the finding may not be disturbed. What conclusion either the Common Pleas Court or this court might reach in an original hearing is an entirely different and immaterial matter. The determina-

tion of this factual question was within the province of the Board of Review. *Brown-Brockmeyer Co.* v. *Roach,* 148 Ohio St. 511. The finding is supported by credible proof and, therefore, must be affirmed.

For his third assignment of error the administrator-appellant claims the court erred in not issuing separate conclusions of law and fact as provided by Section 2315.22, Revised Code. Under this statute, ''When the questions of fact are tried by the court,'' and one of the parties so requests, the court shall state in writing the conclusions of fact found separately from the conclusions of law. In considering the two previous assignments of error, we have concluded that in this appeal, under the statute, it is not the duty of the Common Pleas Court to try and determine questions of fact. As a reviewing court, its only duty is to determine whether the decision is unlawful, unreasonable, or against the manifest weight of the evidence. This statute clearly has no application in a proceeding such as this in which the court makes no factual determination. The court properly refused such request.

Under his fourth assignment of error the administrator-appellant claims the court erred in overruling the motion for reconsideration filed by the appellant. In view of our conclusions above set forth, a ruling on this assignment of error is not necessary.

For the reasons herein stated the judgment of the Common Pleas Court is reversed and final judgment is rendered affirming the decision of the Board of Review.

*Judgment reversed and final judgment for defendant.*

BROWN and CARLISLE, JJ., concur.