GREGORY, APPELLEE, *v.* STERLING CASTINGS ET AL., APPELLANTS.

[Cite as Gregory v. Sterling Castings (1976), 50 Ohio App. 2d 208.]

(No. E-76-21—Decided October 22, 1976.)

*Mr. William J. Brown,* attorney general and *Mr. Jerry A. Jewett,* for appellants.

*Mr. Michael T. Murray,* for appellee.

POTTER, J. This is an appeal from a judgment of the Erie County Court of Common Pleas, reversing an order of the Unemployment Compensation Board of Review.

On April 18, 1975, Diane L. Gregory filed an application for a determination of benefit rights with the Bureau of Employment Services. The administrator disallowed her claim on May 29, 1975. The claimant's request for reconsideration was denied by the administrator on July 29, 1975. The claimant appealed the denial of reconsideration to the board of review on August 8, 1975. The board affirmed the administrator's decision on September 22, 1975. At all of the above stages, the employer contested the claim. In a letter dated October 10, 1975, to the board of review, the Sterling Castings Company requested that Diane Gregory's claim be honored. The board considered the letter to be an application to institute a further appeal. On November 4, 1975, the application was disallowed by the board. From the board of review's judgment, Diane Gregory timely appealed to the Court of Common Pleas of Erie County.

The caption of the notice of appeal named only Sterling Castings. An entry of appearance was filed in the Court of Common Pleas by the Attorney General of Ohio on behalf of Albert G. Giles, administrator, Bureau of Employment Services and the board of review. The board of review had previously been made a party by motion. Although Albert G. Giles, administrator, was not formally made a party, R. C. 4141.28 indicates that in an appeal from a decision of the board of review that "all other interested parties before the board or the referee shall be made appellees." R. C. 4141.01(I) defines "interested party" as follows:

" 'Interested party' means the administrator and any party to whom notices of a determination of an application

for benefit rights on a claim for benefits is required to be given under section 4141.28 of the Revised Code.''

No issue was raised in the Court of Common Pleas as to parties. *Cf. The Joy Mfg. Co.* v. *Albaugh* (1953), 159 Ohio St. 460. The Court of Common Pleas of Erie County found that the board of review's decision was ''against the manifest weight of the evidence and unreasonable and should be vacated.'' From this judgment the administrator of the Bureau of Employment Services and the board of review appeal.

No objection was made to the appeal being filed on behalf of the board of review and the administrator.[1]

Appellee, Diane Gregory, worked for the Sterling Castings Company from June 4, 1973, to April 17, 1975. Sterling Castings Company alleged that it dismissed the appellee due to a poor attitude toward fellow employees and a general lack of professionalism which disrupted work. The appellee professed that she was fired because of union activities.

The appellants assert three errors. The first assignment of error states as follows:

''The Court of Common Pleas lacked jurisdiction to enter final judgment for Diane Gregory and should have dismissed her appeal.''

In the Court of Common Pleas, the board of review filed a motion to dismiss claimant's appeal for the reason that claimant's application to institute a further appeal before the board was not timely filed with the board. The Court of Common Pleas did not rule on the motion. This court will hereinafter make the order the Court of Common Pleas should have made.

It is alleged that the company filed its application for a further appeal three days late, contrary to R. C. 4141.28

---

[1] *Diehl* v. *Garns, Admr. Ohio Bureau of Employment,* Court of Appeals for Lucas County, No. L-76-024, decided April 2, 1976, held: ''There is no statutory authority for the Board of Review to appeal the decision of the Common Pleas Court and the Board of Review is not a necessary party in this appeal.'' A motion to certify the record was overruled by the Supreme Court of Ohio, September 17, 1976.

(L).[2] The board of review, without objection, considered the appeal, but by a vote of two to one disallowed a further appeal. At the bottom of the board of review's decision, dated November 4, 1975, is the following:

"An appeal from this decision may be filed in a Court of Common Pleas within thirty (30) days from the date of mailing, in the manner set forth in Section 4141.28(O), Revised Code of Ohio."

The claimant, Diane L. Gregory, filed her appeal in the Court of Common Pleas in compliance with the instructions as appear on the decision mailed to her by the board of review.

Formerly the board of review had explicit rules on the procedure applicable to an alleged late filing of an application to institute further appeal before such board. The former rule is set forth below.

"UCr-13-02 Dismissal if Filing of an Appeal or Application to Institute Further Appeal is Late.—If an appeal or an application to institute further appeal appears to have been filed beyond the applicable time limit, the Board shall advise in writing the appealing party that the Board appears not to have any jurisdiction because of the late filing and that the appeal or application to institute further appeal will be dismissed without a hearing, unless the appealing party notifies the Board in writing at 145 South Front Street, Columbus, Ohio 43216, within the succeeding fourteen (14) days that he contends the appeal or application to institute further appeal was timely and he desires a hearing. In the event no reply from the appealing party is received by the Board at 145 South Front Street, Columbus, Ohio 43216, within such fourteen (14) day period, or

---

[2]R. C. 4141.28(L) reads as follows:

"All interested parties shall be notified of the referee's decision which shall include the reasons therefor, which decision shall become final unless, within fourteen days after the decision was mailed to the last known post office address of such parties, the board on its own motion removes or transfers such claim to itself or, an application to institute a further appeal before the board is filed by any interested party and such appeal is allowed by the board."

if the appealing party does not request a hearing, the Board shall dismiss the appeal or application to institute further appeal.

"Where an appeal has been filed, which appears to have been filed beyond the applicable time limit, and a request for a hearing is received by the Board within such fourteen (14) day period, the case will be assigned to a Referee for hearing on the issues of timeliness of the appeal and the merits. Notice of the hearing shall be mailed to the last known post office address of each interested party. If the Referee finds that the appeal was not timely, he shall issue a decision only on this issue. If the Referee finds that the appeal was timely, he shall issue a decision not only on the issue of timeliness of the appeal, but also on the merits of the case.

"Where an application to institute further appeal has been filed, which appears to have been filed beyond the applicable time limit, and a request for a hearing is received by the Board within such fourteen (14) day period, the case will be assigned to a Referee to conduct a hearing for and on behalf of the Board on the issues of timeliness of the application to institute further appeal and the merits. Notice of the hearing shall be mailed to the last known post office address of each interested party. If the Board finds that the application to institute further appeal was not timely, the Board will issue a decision only on this issue. If the Board finds that the application to institute further appeal was timely, the Board will issue a decision not only on the issue of timeliness of the application to institute further appeal, but also on the merits of the case. (Formerly Rule 962.5.)"

On January 6, 1974, the above rule was amended to read, as follows:

"UCr-13-02 Dismissal if Filing of an Appeal or Application to Institute Further Appeal is Late.—If an appeal from a decision on reconsideration or an application to institute further appeal from a Referee's decision is not filed with the Board within the period prescribed by statute, the Board shall, by order, dismiss such appeal or application. Copies of such order of dismissal shall be mailed by

the Board to the last known post office address of all interested parties."

This amended rule was revoked by an order of the United States District Court for the Northern District of Ohio, Western Division, in a class action captioned *Ritchie* v. *Garnes*, No. C74-367, filed December 11, 1974. That federal court order states:

"Any interested party, whose appeal or application to institute further appeal appears on its face to have been untimely filed, shall be entitled to a full and fair hearing on the issue of timeliness."

Since the board of review failed to object or hold a hearing on timeliness, we consider Sterling Castings' "Application to Institute Further Appeal" either timely filed or the board of review and administrator waived and are estopped to now object to the alleged late filing. *Cf. Toledo* v. *Custer* (1970), 24 Ohio St. 2d 152, 155; *Liquid Disposal, Inc.,* v. *Dawe* (1975), 46 Ohio App. 2d 197, paragraph 1 of the syllabus. Appellant's motion to dismiss and assignment of error No. 1 are not well taken.

Assignment of error No. 2 states as follows:

"The Court of Common Pleas erred in finding that the decision of the Board of Review is against the manifest weight of the evidence and unreasonable."

The trial court's journal entry reads:

"Upon consideration of the brief, memoranda and evidence offered on behalf of the Appellant and Appellees, the court finds that the decision of the board of review is against the manifest weight of the evidence and unreasonable and should be vacated.

"Wherefore, it is ordered, adjudicated and decreed that the decision of the Board of Review be and hereby is vacated with the exceptions saved to the appellee."

Upon consideration of the employer's letter and its effect on the credibility of the employer's prior testimony, the trial court properly concluded that the decision of the board of review was against the manifest weight of the evidence and unreasonable. Assignment of error No. 2 is not well taken.

Assignment of error No. 3 states as follows:

"The Court of Common Pleas erred when it considered information in appellee's brief concerning a hearing held before the National Labor Relations Board because the results of such hearing were not part of the record on appeal."

A Court of Common Pleas is limited to the record as certified by the board of review. *Hall* v. *American Brake Shoe Co.* (1968), 13 Ohio St. 2d 11, 14; *Kilgore* v. *Board of Review* (1965), 2 Ohio App. 2d 69, 71. However, there is no probative evidence that the trial court went beyond the record and considered irrelevant matters in appellee's brief.

Therefore, assignment of error No. 3 is not well taken.

*Judgment affirmed.*

BROWN, P. J., concurs.

WILEY, J., concurs in part and dissents in part.

WILEY, J., concurring in part and dissenting in part. I concur with the majority as to assignments of error Nos. 1 and 3. As to assignment of error No. 3, the record indicates that the decision of the National Labor Relations Board, favorable to Diane L. Gregory, appellee, was made known to the trial court by statements made in briefs rather than by the introduction of exhibits or proper legal procedures, and even though the trial court did not negate that it was influenced in any way by such extraneous material, we accept the majority decision herein that there is no probative evidence that the court considered such irrelevant matter.

As to assignment of error No. 2, an examination of the transcript of the testimony discloses ample evidence to sustain the decision of the referee and the decision of the board of review. The letter referred to in the majority decision from the Sterling Castings Company to the board of review, written on October 10, 1975, and considered as an application by the employer to institute a further appeal before the board of review was before the board on its

review of the entire record upon which it based its decision of November 4, 1975, wherein the application to institute a further appeal was disallowed. This letter added nothing to the probative evidence but was merely a request that the claim of the employee be honored and in no way discredited the sworn testimony of the witnesses at the hearing.

The Court of Common Pleas, acting as a reviewing court, is bound by the law applicable to reviewing courts. A judgment cannot be reversed on the weight of the evidence unless it is reversed as a matter of law. The reviewing court must be fully and clearly satisfied from an examination of all the evidence and of the whole record that the judgment is, in fact, unsupported by or against the manifest weight of the evidence. If the testimony offers some reasonable foundation for the judgment, it should be affirmed. Generally, a judgment will not be reversed as against the weight of the evidence if it is supported by any competent, credible evidence which goes to all the essential elements of the case. See *Fahl* v. *Board of Review* (1965), 2 Ohio App. 2d 286. The first paragraph of the syllabus reads as follows:

"A Common Pleas Court may not substitute its judgment for that of the Board of Review (or referee), Bureau of Employment Compensation, on factual issues and may modify the board's decision and enter final judgment only where the facts are not in dispute and such undisputed facts constitute substantial, credible evidence of probative value on the issues to be determined."

The judgment of the Court of Common Pleas that the decision of the board of review is against the manifest weight of the evidence and is unreasonable should be reversed and the decision of the board reinstated.