[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is on appeal from the July 30, 1997 judgment of the Lucas County Court of Common Pleas, which reversed the decision of the Ohio Unemployment Compensation Board of Review. On appeal, the Administrator of the Ohio Bureau of Employment Services, appellant, asserts the following assignments of error:
 "Assignment of Error No. 1: The Lucas County Common Pleas Court erred by usurping the fact finding role of the Ohio Unemployment Compensation Review Commission, thereby exceeding the scope of its review authority under R.C. 4141.28(O)(1). (See Lucas County Court of Common Pleas Opinion and Judgment Entry).
 "Assignment of Error No. 2: The Lucas County Common Pleas Court erred by failing to affirm the Ohio Unemployment Compensation Review Commission's determination, which was not unlawful, unreasonable, or against the manifest weight of the evidence. (See Lucas County Court of Common Pleas Opinion and Judgment Entry).
Appellee, John L. Urbanyi, Jr., was discharged from his employment as a post commander for Pinkerton Security Company for violating a company rule. Despite the employer's contention that appellee was discharged for just cause, the administrator found that there was not just cause for appellee's dismissal and granted appellee unemployment benefits. The State of Ohio, Unemployment Compensation Board of Review reversed the decision of the administrator and denied benefits. The board concluded that appellee's conduct constituted dishonesty under R.C.4141.29(D)(2)(f) and, therefore, that he was not entitled to benefits. Dishonesty is defined at R.C. 4141.29(D)(2)(f) as "the commission of substantive theft, fraud, or deceitful acts."
Appellee then filed an appeal with the Lucas County Court of Common Pleas from the order disallowing appellant's application for further appeal. On appeal, appellee argued that the decision of the board of review was unlawful, unreasonable, and contrary to the manifest weight of the evidence. The court reversed the decision of the board of review finding that the decision of the board was against the manifest weight of the evidence.
Appellant, the Administrator of the Ohio Bureau of Employment Services, sought an appeal to this court. Appellant's two assignments of error may be consolidated for review. Appellant argues that the court improperly considered the credibility of the witnesses and weighed the evidence. Appellant further argues that had the common pleas court applied the correct standard of review, it would have affirmed the decision of the board.
Under R.C. 4141.28(O)(1), the common pleas court may reverse or modify the decision of the board of review only if the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence. When determining whether the decision is contrary to the manifest weight of the evidence, the court must determine whether there is evidence in the record to support the decision of the board. C.E. Morris v.Foley Const. Co. (1978), 54 Ohio St.2d 279, syllabus, andKilgore v. Bd. of Review (1965), 2 Ohio App.2d 69, 71. The court cannot make credibility determinations nor give weight to the evidence because these are the functions of the board as the factfinder. Id.
A reviewing court applies the same standard as the common pleas court. Tzangas, Plakas Mannos v. Admr., Ohio Bur.Emp. Serv. (1995), 73 Ohio St.3d 694, paragraph one of the syllabus. See, also, Biles v. Admr. (1995), 107 Ohio App.3d 114
(which notes the shift from reviewing the appeal on an abuse of discretion standard to applying the same standard as the common pleas court).
The following evidence was presented at the hearing. Appellee was employed by Pinkerton Security Company from December 7, 1993 until October 10, 1995, having been promoted to post commander on February 4, 1995. In August 1995, the district manager was anonymously informed that employees were being paid overtime for time they did not work. Appellee was questioned about the matter, but he denied prior knowledge of it. Three supervisors, as well as appellee, had access to the payroll system.
An internal audit revealed in August 1995 that a significant number of employees were being paid for overtime which the company records did not verify. Management confronted appellee and obtained a written statement from him. Appellee stated in the letter that he was made aware that employees under him were improperly being paid for overtime which they did not work. He believed that the problems existed long before he was hired as post commander, but had not known the extent of the dishonesty. The company could not verify by its records that the problem had existed prior to appellee's promotion, but had statements from others that it had been happening for a long time. Appellee testified at the hearing that he spoke to certain employees, but could not verify that they had done anything wrong. He also spoke to a payroll manager requesting that access to the payroll system be limited to himself, but nothing was ever done.
Appellee had earned eighty-two percent over his base pay of $13,650 during the first nine months of 1995. The manager testified that the records indicated that appellee did work some of the overtime claimed that year. However, the company questioned overtime appellee claimed he worked after the audit had been completed.
In September, appellee was paid for overtime which could not be verified. Appellee testified that he had worked all of the overtime hours for which he was paid. Appellee admitted that he worked so much overtime that he sometimes forgot to sign in on the log sheet, but that there was nothing in the company rules to suggest that he could be discharged for failing to do so. The company also required employees to call the dispatcher hourly to report their location. The company records did not indicate that appellee called the dispatcher for the time in question. Appellee's testimony as to whether he called the dispatcher is unclear, but he clearly does not admit that he did not call the dispatcher.
Upon a review of the evidence presented, we conclude that the lower court properly found that the decision of the board of review is contrary to the manifest weight of the evidence. There was no probative evidence presented that appellee did not work the overtime in question. First, the employer presented evidence that appellee did not sign in on the log sheet. However, appellee's testimony that he often worked without signing in was uncontroverted. Thus, a logical inference cannot be made that he was not working this time when he failed to sign in on the log sheet.
Second, the employer presented evidence that there was no record of any calls to the dispatcher from appellee on the days in question. The fact that there was no record of any calls to the dispatcher does not prove that appellee did not work because the factfinder has to make a double inference that appellee did not call in and that he was not working. An inference which is based solely upon another inference and which is unsupported by any additional fact or another inference from other facts is an inference upon an inference and is not permitted. Hurt v. CharlesJ. Rogers Transp. Co. (1955), 164 Ohio St. 329, paragraph one of the syllabus.
Finally, there was no evidence presented that appellee knew of or participated in the falsification of the payroll prior to the audit even though he acknowledged hearing rumors of it. There was evidence, however, that appellee did attempt to correct the abuses once he was told of them, but that he could not accomplish the changes necessary to eliminate the problem.
Accordingly, appellant's two assignments of errors are not well-taken.
Having found that the lower court did not commit error PREJUDICIAL to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
CONCUR.