OPINION
{¶ 1} This is an appeal from the affirmation by the Stark County Common Pleas Court of a decision by the Ohio Civil Rights Commission.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Susan E. Clapper was employed by the Timken Company (Timken) as a Quality Shipping Processor at its Gambrinus Steel Plant.
 {¶ 3} The job description (Defendant's Ex. M) for such position states:
 {¶ 4} "Quality Shipping Processor
 {¶ 5} "Essential Job Function
 {¶ 6} "5. Obtains necessary shipping information from Line-up Sheet. Locates material and picks out loads at storage locations. Calls in or enters production information into data collection device.
 {¶ 7} "6. Performs miscellaneous duties such as preparing standard forms, checking micrometers and scales for accuracy, and tools, equipment, and work area clean and orderly.
 {¶ 8} Sets up, calibrates, and operates spectrometer.
 {¶ 9} Makes preventive maintenance checks, minor repairs, and adjustments to equipment. Notifies Operations Coordinator of needed repairs and assists maintenance in making repairs.
 {¶ 10} "7. Sets up and monitors automated shipping equipment.
 {¶ 11} "8. Operates magnaglo unit to locate defects in material. Marks defects for removal by grinding or polishing. Adjusts unit for proper magnetization of material and maintains proper solution (magnaglo) by performing iron, filing, tests, and adding magnaflux powder as necessary.
 {¶ 12} "Physical and Mental Requirement
 {¶ 13} "Reading ability and understanding of shipping procedures. Walking and standing.
 {¶ 14} "Knowledge of company forms related to shipping and inspection procedures, precision measuring instruments and shop tools.
 {¶ 15} "Knowledge of company forms related to shipping and inspection procedures, precision measuring instruments and shop tools. Requires specialized knowledge of Shipping Prep Line machine.
 {¶ 16} "Requires specialized knowledge and certification of testing procedures (Non Destructive Testing)."
 {¶ 17} In 1985 Ms. Clapper suffered multiple cerebral infarcts which affected her ability to climb as dizziness and imbalance resulted.
 {¶ 18} A neurological report by Gregg A. Martin, P.H.D. also found inabilities to perform cognitive functions. (Defendant's Ex. H).
 {¶ 19} Upon her return to work she was temporarily restricted as to job functions involving climbing.
 {¶ 20} Accommodations were made to have these duties assumed temporarily by other workers.
 {¶ 21} Upon medical reports being received by Timken making such work restriction permanent, such Company conducted an A.D.A. investigation and determined that the temporary assumption of the climbing duties by others could not be made a permanent accommodation and placed Ms. Clapper on disability retirement.
 {¶ 22} The labor-management contract (Defendant's Ex. T) prevented transfer to another position without proceeding through a bidding process with attendant seniority aspects.
 {¶ 23} Procedurally Susan E. Clapper filed an affidavit with the Ohio Civil Rights Commission (Commission) on October 29, 1997 alleging that she was forced to take medical leave due to disability.
 {¶ 24} Such Commission, after review, found probable cause as to unlawful discriminatory action by appellant relative to Ms. Clapper in violation of R.C. § 4112.02(A).
 {¶ 25} Conciliation was attempted without resulting resolution and a complaint followed on October 1, 1998 agreeing with Ms. Clapper's assertions, and that reasonable accommodation was not utilized by appellant.
 {¶ 26} A public hearing was held May 17 and 18, 1999.
 {¶ 27} The hearing officer concluded that the Commission failed to meet its burden of proof that Ms. Clapper "was a qualified person with a disability and/or that there was a reasonable accommodation which would not cause an undue hardship on Respondent's business, the complaint must be dismissed."
 {¶ 28} Objections were filed to such report by the Attorney General on behalf of the Commission with responses by appellant.
 {¶ 29} The Commission on May 18, 2000 reversed the decision of the hearing officer recommending dismissal finding that Ms. Clapper was qualified to perform the essential functions of her job with reasonable accommodation and remanded the matter for re-hearing on the issues as to whether she is disabled under the applicable statutes and if the employer discriminated on the basis of disability.
 {¶ 30} Again, on remand, the hearing officer arrived at the same conclusion determining that Ms. Clapper was disabled under R. C. § 4112 but not a qualified disabled person who can perform the essential functions of her job with reasonable accommodation.
 {¶ 31} On October 26, 2000 the Commission overruled the hearing officer's remand decision and voted to issue a Cease and Desist Order requiring reinstatement of Ms. Clapper to employment with back pay.
 {¶ 32} Such order was issued on February 1, 2001.
 {¶ 33} An appeal was taken to the Stark County Common Pleas Court which affirmed the Commission on February 7, 2002.
 {¶ 34} Appellant raises three Assignments of Error:
 ASSIGNMENTS OF ERROR I. {¶ 35} "THE COMMON PLEAS COURT ABUSED ITS DISCRETION BY AFFIRMING A FINAL ORDER OF THE OHIO CIVIL RIGHTS COMMISSION WHICH CONTAINS CONCLUSIONS OF LAW THAT ARE INCONSISTENT WITH ITS FINDINGS OF FACT."
 II. {¶ 36} "THE COMMON PLEAS COURT ABUSED ITS DISCRETION BY FAILING TO APPLY THE CORRECT CASE LAW."
 III. {¶ 37} "THE COMMON PLEAS COURT ABUSED ITS DISCRETION BY AFFIRMING THE FINAL ORDER OF THE OHIO CIVIL RIGHTS COMMISSION THAT CONCLUDED THAT THE EXCEPTION IN R.C. 4112.02(L) DOES NOT APPLY."
 I., II., III. {¶ 38} Each of the three Assignments of Error assert an abuse of discretion by the trial court in affirmation of the decision of the Commission.
 {¶ 39} In an administrative appeal pursuant to R.C. § 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. Reliable, probative and substantial evidence has been defined as: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571.
 {¶ 40} It has been held that on appeal to this Court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford ExemptedVillage School Dist. Bd. of Edn. V. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. In reviewing the trial court's determination that the Commission's order was supported by reliable, probative and substantial evidence, this Court's role is limited to determining whether the trial court abused its discretion. Roy v. Ohio State Med. Bd.
(1992), 80 Ohio App.3d 675, 680.
 {¶ 41} However, the Supreme Court in Tzangas, Plakas and Mannosv. Ohio Bur. Of Emp. Serv. (1995), 73 Ohio St.3d 694 in considering an appellate court's standard of review in an administrative appeal stated:
 {¶ 42} "While appellate courts are not permitted to make factual findings or to determine credibility of witnesses in unemployment compensation case, they do have duty to determine whether decision of the Unemployment Compensation Board of Review is supported by evidence on the record; duty is shared by all reviewing courts, from first level of review in common pleas court, through final review in Supreme Court. R.C. § 4141.28(O)(1)."
 {¶ 43} In applying this rational in Galluzzo v. Administrator ofEmp. Serv. 1995WL704193 (Ohio App. 2nd Dist) the court noted that this apparent conflict with prior decisions appears academic except that the standard of the trial court and the appellate court is the same, to wit: whether the administrative decision is lawful, unreasonable or against the manifest weight of the evidence. This is in conformity with R.C. § 4112.06(E).
 {¶ 44} With this standard in mind, we are not only reviewing the trial court's decision on an abuse of discretion standard but, as the trial court did, are reviewing the evidence presented in support of the Commission's decision to determine if it is supported by reliable, probative and substantial evidence.
 {¶ 45} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 46} As a common pleas court is not permitted to make factual findings nor judge the credibility of witnesses, Kilgore v. Board ofReview (1965), 2 Ohio App.2d 69, the same limitation would apply to this Court.
 {¶ 47} We, however, in determining whether the Commission's decision was supported by reliable, probative and substantial evidence must not only examine such evidence, but the lack thereof.
 {¶ 48} As noted in City of Columbus Civil Service Commission v.McGlone (1998), 82 Ohio St.3d 569 "the handicap discrimination was designed to protect those who live with a handicap that significantly affects the way they live their lives on a day to day basis. R.C. §4112.01(A)(13) (1991)."
 {¶ 49} Such court also stated:
 {¶ 50} "Firefighter applicant with 20/100 vision was not "handicapped," as defined by civil rights statute, where there was no evidence applicant's vision disqualified him from class of jobs or wide range of jobs. R.C. § 4112.01(A)(13) (1991)."
 {¶ 51} In the case sub judice the A.D.A. investigation team thought there were other jobs Ms. Clapper could perform within the company. (T. at p. 185).
 {¶ 52} Not all handicaps or limitations fall within the purview of the protected class defined by R.C. § 4112.01:
 {¶ 53} "To prove prima facie case of handicap discrimination, Civil Rights Commission must show not only that complainant was handicapped and that action was taken by employer, at least in part, because complainant was handicapped, but further, that complainant, though handicapped, can safely and substantially perform essential function of job in question. R.C. 4112.01(A)(13), 4112.02. Hazlett v. Martin Chevrolet, Inc. (1986), 25 Ohio St.3d 279, 496 N.E.2d 478."
 {¶ 54} In the case sub judice, the Commission's Brief (p. 14) in this appeal focuses on the appellee's condition substantially limiting her in the major life activity of working rather than the other listed aspects of life in R.C. § 4112.01(A)(13).
 {¶ 55} This is obvious from a review of the record as the appellant's only testimony as to limitations other than performing the climbing duties of Quality Shipping Processor was to the effect that she was unable to clean the gutters of her home. (T. at p. 93).
 {¶ 56} We then must examine the record as to whether she was limited as to working.
 {¶ 57} Since her disability retirement she has been employed. (T. at p. 121-123).
 {¶ 58} Also, when assigned to the different work areas with appellant, she was able to perform the assigned job duties. (T. at p. 95-110).
 {¶ 59} One of the defining applicable statutes which the Commission was required to apply to the facts presented was:
 {¶ 60} "R.C. § 4112.01(A)(13)
 {¶ 61} "13) "Disability" means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment."
 {¶ 62} Under this statute the ruling in Markham v. Earle M.Jorgensen Co. (2000), 138 Ohio App.3d 484 provides incite as it held:
 {¶ 63} "Employee's burden in handicap discrimination action is to establish that employer regarded him as substantially limited in his ability to perform such fundamental and routine tasks as are necessary to exist in everyday life, not merely to establish that employer regarded him as limited in his abilities to perform the specific tasks associated with a specific job."
 {¶ 64} It is abundantly clear from the transcript that Ms. Clapper's only handicap was her inability to climb and that such condition did not affect her ability generally to work or perform any other major life activity.
 {¶ 65} The decision of the Commission substitutes a broader concept of disability than that defined by statute.
 {¶ 66} By comparison, one could say that anyone who has difficulty with heights, such as this scrivener, and could not therefore perform the duties of a commercial window washer is disabled in "working" under R.C. § 4112.01(A)(13) and must be provided employment with some reasonable accommodation.
 {¶ 67} The provisions of R.C. Chapter 4112 are not so broadly framed.
 {¶ 68} We therefore sustain the first and second Assignments of Error and determine that the Commissions decision is not supported by reliable, probative and substantial evidence and that the trial court abused its discretion in affirming such decision.
 {¶ 69} It is unnecessary to address the third Assignment of Error.
 {¶ 70} The decision of the Common Pleas Court is reversed. The Commission's decision in favor of appellee is vacated.
 {¶ 71} Appellee Ms. Clapper is determined not to be a qualified disabled person as defined in R.C. § 4112.01(A)(13) as formed by the hearing officer under the evidence presented.
By: Boggins, J., Hoffman, P.J. and Wise, J. concur.