OPINION
{¶ 1} Appellant Gary L. Collard appeals the decision of the Court of Common Pleas, Stark County, which affirmed the decision of the appellee, the Ohio Unemployment Compensation Review Commission ("UCRC"), following an administrative appeal. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant was employed by Republic Technologies International ("Republic") for over thirty years, commencing in 1969. Following Republic's filing for bankruptcy protection, appellant and a number of other workers were terminated from employment. Appellant, age 52, filed an application for a determination of unemployment benefit rights with the Ohio Department of Job and Family Services ("ODJFS") on December 22, 2002. ODJFS granted appellant an unemployment compensation benefit of $373.00 per week.
 {¶ 3} In January 2003, appellant began receiving pension payments of $620.48 per month (equal to slightly less than $144.00 per week) from the Pension Benefit Guarantee Corporation ("PBGC"), which had taken over the responsibility for Republic's pension plan. As a result of the PBGC payments, ODJFS began reducing appellant's unemployment benefits by $144.00 every week. ODJFS also ordered appellant to repay the sum of $432, representing the overpayment for the first three weeks of January, 2003.
 {¶ 4} Appellant filed an initial appeal with ODJFS, which affirmed its initial determination. Upon further appeal, ODJFS transferred jurisdiction to the UCRC, which affirmed the initial decision, following a hearing. Appellant's request for further appeal before the UCRC was denied, following which appellant appealed to the Stark County Court of Common Pleas, pursuant to R.C. 4141.282.
 {¶ 5} On April 9, 2004, the common pleas court affirmed the decision of the UCRC. On May 7, 2004, appellant filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. The Court of Common Pleas erred in affirming the decision of the Unemployment Compensation Board of review as said decision was unlawful, unreasonable and against the manifest weight of the evidence, in that the evidence clearly and uniformly established that appellant did not receive payments under a pension or retirement plan wholly financed by an employer.
 I. {¶ 7} In his sole Assignment of Error, appellant contends that the trial court erred in affirming the Review Commission's finding that appellant's unemployment benefits should be reduced. We disagree.
 {¶ 8} As a reviewing court, we may reverse an unemployment board determination if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakas Mannos v.Administrator (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of the syllabus. While appellate courts are not permitted to make factual findings, or to determine the credibility of witnesses, they have the duty to determine whether the board's decision is supported by the evidence in the record. Id. at 696, 653 N.E.2d 1207. The same standard of review is shared by all reviewing courts, from the common pleas court through the Ohio Supreme Court. Id. Therefore, the duty of this Court is to review the decision of the Review Commission to determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. Cardani v. Olsten Home HealthCare (March 22, 1999), Tuscarawas App. No. 1998AP110118. As a reviewing court, we may neither substitute our judgment for that of the Commission on questions of fact nor reassess the credibility of the witnesses. Kilgore v. Bd. of Rev., Bur. ofUnemp. Comp. (1965), 2 Ohio App.2d 69, 72, 206 N.E.2d 423. It is based upon these standards that we review appellant's sole Assignment of Error.
 {¶ 9} Appellant herein directs us to R.C. 4141.31(A), which reads as follows in pertinent part:
 {¶ 10} "Benefits otherwise payable for any week shall be reduced by the amount of remuneration a claimant receives with respect to such week as follows: * * *
 {¶ 11} "(3) Except as provided in section 4141.312 of the Revised Code, payments in the form of retirement, or pension allowances under a plan wholly financed by an employer which payments are paid either directly by the employer, or indirectly through a trust, annuity, insurance fund, or under an insurance contract whether payable upon retirement, termination, or separation from employment * * *."
 {¶ 12} The above statute cross-references R.C. 4141.312, which provides for the reduction of unemployment benefits by a governmental or other pension, retirement or retired pay, annuity, or other similar periodic payment which is "based on the previous work of the individual." R.C. 4141.312(A).
 {¶ 13} Upon review, we find no merit in appellant's attempt to exclude a reduction against his unemployment benefits merely because his periodic pension monies were being funneled through the PBGC. Appellant's own testimony reveals he was receiving a monthly pension through the PBGC in the same amount he would have received through Republic, but for the steel company's bankruptcy. Tr. at 5. Appellant's brief fails to consider the cross-reference to R.C. 4141.312 in the text of R.C. 4141.31(A), but we cannot ignore the General Assembly's clearly expansive language in the former statute. Likewise, appellant's reliance on our holding in Babics v. Defense Supply Agency (Feb. 8, 1978), Stark App. No. CA4733, is unpersuasive, as we concluded in that case that no benefit reduction should take place based on evidence that the employee's federal pension had been partly funded by the employee. Id. Such a scenario is not on point with the case sub judice; moreover, R.C. 4141.312 was not analyzed inBabics.
 {¶ 14} Accordingly, we find no basis to reverse the trial court's affirmance of the decision of the UCRC to reduce appellant's benefits for the time period in question. Appellant's sole Assignment of Error is therefore overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Wise, J. Gwin, P. J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.