DONOVAN, J.
{¶ 1} Plaintiff-Appellant, Phillip C. Adams, appeals a decision of the Montgomery County Court of Common Pleas, denying his challenge to a decision of the Ohio Unemployment Compensation Review Commission (hereinafter "Review Commission") finding that Adams was not entitled to unemployment benefits because he was voluntarily unemployed at the time of his application. Adams filed a timely notice of appeal with this Court on July 31, 2017. The record supports the trial court's *1089 determination and the judgment of the trial court is affirmed.
{¶ 2} The record reflects that Adams' former employer, the City of Dayton Police Department, terminated his employment on August 26, 2016. Adams began as a police officer with the City of Dayton on June 4, 2001, and on June 11, 2015, he injured his knee in a non-duty incident. After the injury, the police department accommodated Adams' injury by allowing him to use all of his accrued sick and vacation time off, and he was given the opportunity to work restricted duty until May 2016.
{¶ 3} On July 8, 2016, after all of Adams' time off had been exhausted, Sergeant Jeffrey K. Thomas sent Adams a letter ordering him to return to work on July 12, 2016 and bring medical documentation indicating whether he would be able to resume full duty. The letter provided as follows:
This letter is to notify you of the Department's requirement you return to full duty. Your health care professional has documented on several sequential employee medical certification forms that there has been no positive progress in your medical recovery from your non-work-related knee injury that occurred on or about June 11, 2015.
You are hereby ordered to provide a completed "Return to work with no restrictions" employee medical certification form to the Office of the Assistant Chief of Police no later than Tuesday, July 12, 2016 at 1600 hours. The return to work date must [be] on or before July 13, 2016. Upon Review and approval of the document, you will be contacted to return to work to the West Patrol Operations Division Headquarters at 6:30 a.m. on Wednesday, July 13, 2016.
Should your employee medical certification form indicate a continued restricted duty status after July 12, 2016, or the document is not properly completed by you or your health care professional, you will not be permitted to return to any duty. I strongly encourage you to submit your employee medical certification form before the due date above, so in the event there is an error or omission, it can be corrected before July 12, 2016.
Our records indicate that as of July 3, 2016, you have exhausted your Family Medical Leave available to you for the rolling 12 month calendar. As of 1600 hours on July 3, 2016, you have zero hours of sick time, eight hours of birthday time and zero hours of vacation time accrued.
Failure to comply with the above order, stated in bold print, will be considered a violation of:
Civil Service Rule 13 Section (A): "Absence without leave or failure to return from leave".
and/or
Civil Service Rule 13 Section (2) Item (E): "Insubordination".
and/or
Civil Service Rule 13 Section (2) Item (H): "Violation [of] any lawful or reasonable regulations or orders made and given by a superior".
and/or
Civil Service Rule 13 Section (2) Item (C): "Inability to perform job duties due to mental or physical disability of a permanent or temporary nature".
Violation of these rules can lead to disciplinary action up to and including discharge from City of Dayton employment.
For your information, I have included the City of Dayton's Equal Opportunity for People with Disabilities policy. Should you decide to submit ADA paperwork, it must be received by Human *1090 Resources prior to July 12, 2016, along with the required supporting documentation.
* * *
{¶ 4} Adams did not provide updated medical documentation, and he did not return to work. As a result, Adams was considered to be absent without leave (hereinafter, "AWOL"), but was not terminated.
{¶ 5} An administrative hearing was held on August 9, 2016 for Adams to respond to the charges of being AWOL. Adams did not attend this hearing and was subsequently discharged from employment on August 26, 2016.
{¶ 6} On July 21, 2016, Adams applied for unemployment benefits with the Ohio Department of Job and Family Services (hereinafter, "ODJFS"). On August 29, 2016, ODJFS allowed Adams' application with the benefit year beginning July 17, 2016. On September 20, 2016, the City of Dayton appealed the decision, and on October 6, 2016, ODJFS issued a redetermination affirming the decision allowing benefits. On October 26, 2016, the City of Dayton appealed the redetermination decision to the Review Commission. On November 15, 2016, a telephone hearing was held before an officer from the Commission. Based on evidence presented at the hearing, the hearing officer determined in a written Decision as follows:
* * *
Reasoning
The facts establish the claimant was voluntarily unemployed at the time he filed his application. Claimant was given the opportunity to return to work and/or provide additional medical documentation to support his contention he was unable to return to duty. He chose not to take either of these opportunities.
Claimant remained an employee until he was removed on August 26, 2016. During the period, from July 12, 2016 through August 26, 2016, the claimant was unemployed due to a voluntary leave of absence. He was absent without leave. He is not entitled to collect benefits during this time and/or file a valid application, as he was voluntarily unemployed.
Decision
The Director's Redetermination, issued October 6, 2016, is hereby reversed.
Claimant's Application for Determination of Benefit Rights, filed July 21, 2016, is disallowed. Claimant was on a voluntary leave of absence at the time he filed said application. He is not entitled to file a valid application because he was voluntarily unemployed.
* * *
{¶ 7} A subsequent request for review of the hearing officer's decision made by Adams on November 29, 2016 was disallowed in a decision on December 14, 2016. On January 12, 2017, Adams made a timely appeal of the Review Commission's decision to the Montgomery County Court of Common Pleas pursuant to R.C. 4141.282. On June 29, 2017, the trial court issued a decision affirming the Review Commission's denial of unemployment benefits, finding that Adams was AWOL between July 12, 2016, and August 26, 2016, and was discharged with just cause. The court found that the hearing officer's decision was not unlawful, unreasonable, or against the manifest weight of the evidence because Adams was voluntarily absent from July 12, 2016, through August 26, 2016, and he did not act as an ordinarily, intelligent person would "when he exhausted all available paid and unpaid leave, and did not return to work or provide the employer his requested medical information;" further, *1091 he did not attend the administrative hearing to defend against the AWOL charges. See Decision, Order and Entry, Montgomery Cty. C.P. No. 2017-CV-165, June 29, 2017, at pg. 5.
{¶ 8} Adams asserts a single assignment of error and three issues for review stated as follows, which we will consider together:
ASSIGNMENT OF ERROR-Because Philip Adams qualified for unemployment, the trial court erred in overruling Adams's administrative appeal.
First Issue Presented for Review-The letter sent to Adams never provided him the option of returning to work on restricted duty.
Second Issue Presented for Review-Adams could not have provided a certification that he could return to work without restrictions on July 12, 2016.
Third Issue Presented for Review-Regardless of the phrase used, Adams was "discharged without just cause" and/or "involuntarily unemployed."
{¶ 9} We initially note that our appellate review of a denial of unemployment benefits is limited. Johnson v. SK Tech, Inc. , 2d Dist. Montgomery No. 23522, 2010-Ohio-3449, 2010 WL 2891562, ¶ 18, citing Silkert v. Ohio Dept. of Job & Family Services , 184 Ohio App.3d 78, 2009-Ohio-4399, 919 N.E.2d 783, ¶ 26 (2d Dist.). "The duty or authority of the courts is to determine whether the decision of the board is supported by the evidence in the record. * * *." Irvine v. State Unemp. Comp. Bd. of Review , 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985). The board's role is that of a factfinder and the reviewing court can only reverse the determination if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv. , 73 Ohio St.3d 694, 697, 653 N.E.2d 1207 (1995). Although the Commission's decision should not be rubber stamped, a reviewing court cannot rewrite the Commission's decision merely because it would interpret the evidence differently. Kilgore v. Board of Rev. , 2 Ohio App.2d 69, 206 N.E.2d 423 (4th Dist. 1965). The parties are not entitled to a trial de novo. Id. at 71, 206 N.E.2d 423. In addition, "a reviewing court may not make factual findings or determine a witness's credibility and must affirm the commission's finding if some competent, credible evidence in the record supports it." Williams v. Ohio Dept. of Job and Family Servs. , 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20.
{¶ 10} R.C. 4141.29 establishes the eligibility requirements for unemployment benefits. A claimant is eligible for benefits due to involuntary total or partial unemployment. The issue before us is whether the Review Commission's determination that Adams was voluntarily unemployed at the time of his initial application for unemployment benefits is supported by the manifest weight of the evidence, or, conversely, whether it is unlawful or unreasonable.
{¶ 11} Adams' first issue for review asserts that the July 8, 2016 letter speaks for itself in requiring him to return to work without restrictions by July 12, 2016, or be terminated. In the hearing officer's decision, the officer found Adams was on voluntary leave after failing to return to work on July 12, 2016, and that Adams' decision to file for unemployment benefits on July 21, 2016, showed he considered himself to be voluntarily unemployed. In contrast, Adams argues that because of his medical inability to return to work without restrictions on July 12, 2016, he was involuntarily unemployed on that date. While some of the language in the July 8, 2016 letter ordering Adams back to work without restrictions could make Adams question his employment status, there is detailed language later in the letter outlining *1092 the consequences of a violation. These consequences include disciplinary actions for insubordination or being absent without leave, but do not include immediate termination. Because of the language in the letter, it was not reasonable for Adams to believe he was terminated when he did not return to work, or that he was involuntarily unemployed when he filed his application for unemployment benefits on July 21, 2016.
{¶ 12} In his second issue for review, Adams asserts that he was not required to provide updated medical certifications pursuant to the July 8, 2016 letter because the City of Dayton was aware that Adams' doctor already certified August 8, 2016, as the earliest date Adams could return to work without restrictions. However, Adams has not indicated there was any way for the City of Dayton to know whether his medical status had changed unless he provided updated information, and the city's request for Adams to do so was not unreasonable. "It is the employee's responsibility to provide medical documentation in support of an illness once such information is requested by the employer." Higgins v. Cardington Yutaka Techs., Inc., 5th Dist. Morrow No. CA-927, 2002 WL 171865, *3 (Jan. 25, 2002), citing Durgan v. Ohio Bur. of Emp. Servs., 110 Ohio App.3d 545, 551, 674 N.E.2d 1208 (9th Dist. 1996). Adams chose not to communicate his current medical status to the City of Dayton or take any further action after receiving the July 8, 2016 letter. The Unemployment Compensation Act is "intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." Salzl v. Gibson Greeting Cards, Inc., 61 Ohio St.2d 35, 39, 399 N.E.2d 76 (1980). Adams' lack of response to the request for documentation in the July 8, 2016 letter, failure to attend the August 9, 2016 administrative hearing, and filing for unemployment on July 21, 2016 show Adams considered himself to be unemployed through his own actions. Meanwhile, the City of Dayton continued to treat him as an employee, continuing his employee benefits and proceeding through the disciplinary process.
{¶ 13} Finally, in his third issue for review, Adams argues that regardless of the phrase used, he was involuntarily unemployed through no fault of his own because he was not allowed to return to work after July 12, 2016. Adams cites Lorain County Auditor v. Ohio Unemployment Comp. Review Comm'n., 113 Ohio St.3d 124, 2007-Ohio-1247, 863 N.E.2d 133, ¶ 26, where the Court found that there "is no statutory requirement that [an applicant seeking unemployment benefits] be 'terminated, * * * separated, [or] laid off' in order to receive benefits." Instead, "[a]n employee meets the definition of total unemployment for a given week if she performs no services and is due no payment." Id. , at ¶ 14, citing R.C. 4141.01(M). This is not applicable to the situation here. The employee in Lorain County Auditor was an intermittent-contract employee who was removed from the work schedule and given no indication whether she would eventually be able to return to work. Here, Adams was ordered to return to work, and told exactly what was required to return to work. Adams also had union representation. Even though Adams did not return to work on July 12, 2016, he was still an employee of the City of Dayton and had the ability to challenge the charge of being absent without leave at an administrative hearing on August 9, 2016. Adams chose not to attend this hearing and was discharged from employment on August 26, 2016. The hearing officer based the denial of Adams' application on the fact that he *1093 did not file a valid application because he was voluntarily unemployed and not discharged by the City of Dayton until August 26, 2016.
{¶ 14} Having reviewed the record, we cannot say the Review Commission's finding that Adams was voluntarily unemployed when he filed for unemployment and therefore not eligible for benefits was unlawful, unreasonable, or against the weight of the evidence. The judgment of the Montgomery County Common Pleas Court is affirmed.
WELBAUM, P.J. and FROELICH, J., concur.