HALL ET AL., APPELLANTS, *v.* AMERICAN BRAKE SHOE CO. ET AL., APPELLEES.

(No. 40885—Decided January 3, 1968.)

12

*Messrs. Clayman, Jaffy & Taylor, Mr. David Clayman* and *Mr. Stewart R. Jaffy,* for appellants.

*Messrs. Alexander, Ebinger, Holschuh & Fisher, Mr. John Holschuch* and *Mr. Samuel Erskine,* for appellee, American Brake Shoe Company.

SCHNEIDER, J. Subsequent to the allowance of the motion to certify in this case, the General Assembly amended Section 4141.28 (O), Revised Code, effective December 31, 1967, so as to resolve conclusively the problem presented by adding the following language to that subparagraph: "provided a bill of exceptions shall not be required at any level of appeal." The "public" interest in the decision of the court below is, therefore, to a large extent, removed. However, we have retained this case on its merits in the exercise of our supervisory jurisdiction of the lower courts which is within the ambit of "public" interest, particularly where the interpretation of a statute governing the conduct of a public agency is at issue.

The Court of Appeals has misconstrued the statutes regulating the proceedings in this kind of case and we are required to reverse its judgment and to remand the cause to it for consideration on the merits as revealed by the record, which includes the transcript certified by the board of review as contained in the document entitled "Administrator's File."

The proposition of law stated in the syllabus not only withstands, but finds support in, an analysis of the controlling statutes.

The Court of Common Pleas is not authorized to *try* the issues of fact in this kind of proceeding. Pursuant to Section 4141.28 (O), Revised Code, it is limited to finding "that the decision [of the board of review] was unlawful, unreasonable, or against the manifest weight of the evidence," in which event, "it shall reverse and vacate such

14

decision or it may modify such decision and enter final judgment in accordance with such modification, otherwise * * * [it] shall affirm such decision.''

In approaching its finding, the Court of Common Pleas is not authorized to receive evidence but ''the appeal shall be heard upon such record certified by the board'' and ''a bill of exceptions shall not be required.'' Circumscribed as they are by that language of Section 4141.28 (O), Revised Code, the proceedings before that court are but a *review* of the determination of the board of review in which the ''record certified by the board'' is the equivalent of ''a bill of exceptions setting forth that part of the evidence and such other matters occurring during the progress of the trial * * * not contained in the transcript upon which the appellant asserts his claims of error,'' as described by Section 2321.05, Revised Code.

By virtue of the statutory command that the board of review ''file with the clerk [of the Court of Common Pleas] a certified transcript of the record of the proceedings before the board pertaining to the decision complained of,'' that transcript becomes an original paper and a part of the record in the cause in the same manner as a bill of exceptions filed in a Court of Appeals becomes an original paper and a part of the record in the Supreme Court, if an appeal is otherwise perfected thereto.

*Judgment reversed.*

TAFT, C. J., HERBERT and BROWN, JJ., concur.
ZIMMERMAN, MATTHIAS and O'NEILL, JJ., dissent.