[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant Michael L. Custer, acting pro se, appeals from the Darke County Court of Common Pleas' judgment entry upholding the Ohio Unemployment Compensation Board of Review's (now the Ohio Unemployment Compensation Review Commission ("Commission")), denial of unemployment benefits.
Custer advances two assignments of error. In the first, he claims the lower court committed prejudicial error by denying him due process and equal protection under the law. He next contends that the lower court erred by failing to weigh the evidence in the record. As part of his second assignment of error, Custer also claims that the lower court and the Commission erred by their failure to accept evidence, and that he was deprived of his right to cross-examine witnesses.
The record reflects that Michael L. Custer was employed by Amity Mold Co. ("Amity") from July 12, 1993 through October 26, 1995. In early August, 1995, after establishing a pattern of absenteeism and tardiness, Custer was warned that he had one more chance to improve his attendance. Custer failed to report to work from October 27 through November 3, 1995. Custer's mother called in sick for him each day, but on the third day Amity asked to speak to Custer. His mother told Amity Custer was not at home after which Amity contacted Custer's probation officer. Amity was informed that Custer was incarcerated and had been since October 27th.
After he was released from jail, Custer obtained a doctor's note excusing him from work from October 27 through November 4, 1995. Custer's employment with Amity was terminated effective October 27 due to his falsification of the reason for his absence. Soon thereafter, he applied for unemployment compensation with the Bureau of Unemployment Services.
Initially, Custer's claim was approved by the administrator. After reconsideration as requested by Amity, the administrator's decision was affirmed. Amity appealed to the Commission and a hearing was held on December 6, 1996. Custer did not attend the hearing because he was incarcerated at the time. The hearing officer reversed the administrator's decision finding that Custer was discharged for good cause. Upon his release, Custer filed an application to institute further appeal. A second hearing held on April 18, 1997, was attended by Custer. The hearing officer affirmed his decision. Custer appealed to the Darke County Common Pleas Court which affirmed on September 16, 1997. Custer now appeals to this court. It is noted that Amity's request for reconsideration as well as Custer's application to institute further appeal and his appeal to this court were filed in a timely fashion.
 I Whether the Plaintiff was prejudiced at the Court of Common Pleas and the Board of Review below by failing to reflect fairly and accurately due process of Law and equal production [sic] under the law and of color.
 In his first assignment of error, Custer claims he was denied due process of law and equal protection under the law. Custer fails, however, to present any argument in support of his contention.
Ohio Appellate Rule 16(A)(7) provides that an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities * * * and parts of the record on which appellant relies." Furthermore, App.R. 12(A)(2) permits the court to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
Custer's "argument" consists of a broad conclusory statement accompanied by several marginally relevant cites to various cases. In fact, the most relevant of Custer's statements actually cuts in favor of the appellee, Amity: "Where the appellant assigns as error the failure of the lower court to find that administrative proceedings violated appellant['s] rights to due process of law and equal protection under the law but appellant[']s brief contains no argument addressed to [the] equal protection claim, such claim may be discharged by the court," citing Burke v. Fought
(1978), 64 Ohio App.2d 50, [58 at n. 2]. Appellant's Brief at 1. The same is true of assignments of error implicating a lower court proceeding. We are unable to glean from Custer's argument under his first assignment of error any hint of what action or inaction on the part of the Commission or the court of common pleas he believes constituted a denial of his rights to due process and equal protection under the law. As we are disinclined to formulate a basis for Custer's claim ourselves, his first assignment of error must be overruled.
 II. The Appellant was substantially prejudiced at the lower court level and the Board of Review by both court's [sic] failure to accept evidence submitted to and offered by the court's failure to apply the rules and laws according to the law of Ohio.
A.
 The Appellant was substantially prejudiced at the lower court level by the court's failure to weigh the evidence in the record, and whatever additional evidence may be admitted by the preponderance of substantial, reliable and probative evidence and by offer or proof.
B.
 The Appellant was substantially prejudiced at the lower Court level by the Court's failure to the Hearing Officer of the Commission of Review not taking evidence available at the time of the 4-18-97 hearing and to the discrepancy of the transcript compared to the tape recording of that hearing.
C.
 The Appellant was substantially prejudiced at the lower Court level by the Court's failure to the Hearing Officer of the Board of Review on 12-6-96 when Appellant was not available to the Court and to the discrepancy of the transcript compared to the tape recording of that hearing.
 Custer's remaining assignment of error presents several issues for review. Although there is considerable repetition between the three sections to his second assignment of error, we discern essentially three points. First, Custer contends the court of common pleas erred by failing to weigh the evidence. Next, Custer repeatedly asserts throughout his argument that the hearing officer at the April 18 proceeding refused to accept evidence and/or exhibits proffered by Custer, and that the court of common pleas erred by failing to reverse the hearing officer's determination as a result. Finally, Custer argues that he was deprived of the right to cross-examine Amity's witnesses due to his absence at the December 6 hearing, and the witnesses' absence at the April 18 hearing. Custer contends the common pleas court's refusal to reverse on this basis constituted error. Argument for each of these contentions appears in all three sections of Custer's second assignment of error. Nevertheless, and for the sake of coherence, we will address them in the order they are introduced here.
The first issue to be considered is Custer's contention that the court of common pleas erred by failing to weigh the evidence. We take this to mean the court failed to apply the proper standard of review to the Commission's decision. Custer argues that a decision of the Commission can only be upheld by the court if it is supported by "a preponderance of reliable, probative, and substantial evidence." Appellant's Brief at 8. He misstates the standard of review, however.
The standard of review for the appeals process in unemployment compensation cases is governed by R.C. 4141.28(O)(1): "If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse * * *, otherwise it shall affirm such decision." See Tzangas,Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694. The fact that reasonable mindsmight differ does not provide a basis upon which to reversethe Commission's decision. Irvine v. Unemployment Comp. Bd.of Rev. (1985), 19 Ohio St.3d 15, 18, citing Craig v. Bur. of Unemployment Comp. (1948),83 Ohio App. 247, 260. Furthermore, fact-finding and determining the credibility of witnesses are within the exclusive purview of the hearing officer and the Commission. The reviewing court is not permitted to usurp the hearing officer's or the Commission's authority to perform these functions. Hall v. American Brake Shoe Co. (1968),13 Ohio St.2d 11, 13. The duty of the reviewing court, then, is to determine only if the Commission's decision is supported by the evidence in the record. Kilgore v. Board of Rev.
(1965), 2 Ohio App.2d 69, 71. In that respect, the court of common pleas, when acting as a reviewing court, is permitted to weigh evidence only for the purpose of determining whether the decision of the Commission is supportable, and not for the purpose of making its own factual findings.
The court of common pleas found ample support for the Commission's decision in the record presented below, as do we. Since the decision of the court was not "unlawful, unreasonable, or against the manifest weight of the evidence," we find no error.
The next issue presented in Custer's second assignment of error is his contention that the lower court erred by failing to reverse the Commission's decision based upon the hearing officer's refusal to take evidence offered by Custer. Custer points out many instances in the record of the transcript of April 18 in which he suggests he was trying to enter certain documents into evidence without success. He also states, however, that "all of the Exhibits and Evidence was [sic] submitted to both B.O.R. Hearing Officer on 4-18-97 and to the Common Pleas Court on [August 8, and August 20, 1997.]" Appellant's Brief at 14. Also, "Appellant did submit evidence to the B.O.R. and they used it in the hearing." Appellant's Reply Brief at 5. Furthermore, he states that "the Appellant rested his case without objection to the B.O.R. Hearing Officer not taking his Evidence." Appellant's Brief at 21. Nevertheless, the court of common pleas addressed the issue, finding that some of the evidence sought to be admitted was already a part of the record, and thus duplicative. We agree. A careful reading of the record reveals that much of the evidence Custer sought to introduce in document form was a part of the oral record. Other documents offered by Custer were simply irrelevant to the issue at hand, namely, whether or not Custer was terminated for just cause. For these reasons, we find no error in the common pleas court's affirmance of the Commission's decision.
The final issue presented by Custer in his second assignment of error is his claim that he was denied the opportunity to cross-examine Amity's witnesses because he could not attend the December 6 hearing and the witnesses were not present for the April 14 hearing. As for the December 6 hearing, the lower court correctly noted that Custer could have sent a representative for the purpose of cross-examining any witnesses. As for the April 14 hearing, the Instructions to All Parties to the Application toInstitute a Further Appeal sent to both Custer and Amity by the Commission includes an explanation of each party's right to subpoena witnesses to compel their attendance at the hearing. Custer could have subpoenaed Amity personnel for the April 14 hearing, but chose not to do so. As such, we find no error on the part of the trial court. Therefore, Custer's second assignment of error is not well-taken.
Having found no merit to Custer's two assignments of error, the judgment of the common pleas court is affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
David E. Lefton
Michael L. Custer
Hon. Lee A. Bixler