This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Thomas Coughlin has appealed from a judgment of the Lorain County Court of Common Pleas that affirmed a decision of the unemployment compensation review commission denying Appellant's claim for unemployment compensation benefits. This Court affirms.
 I
Appellant was employed by Primary Health Systems, Inc. ("PHS") as a third shift boiler operator at PHS St. Michael Hospital. Appellant was paid a base rate of $14.10 per hour, plus an hourly shift differential of ten percent, or $1.41, making his gross pay $15.51 per hour.
During Appellant's employment with PHS, PHS entered into an agreement with University Hospital Health Systems, Inc. ("UHHS") pursuant to which UHHS purchased PHS St. Michael Hospital. On May 16, 2000, employees of PHS St. Michael were notified that they could be separated from their employment between May 26 and June 9, 2000, and that some or all employees could be hired by UHHS at its sole discretion.
On May 22, 2000, Appellant received written notification of an offer of a position as a fireman[1] at UHHS St. Michael Hospital at a wage of $14.10 per hour, effective upon the closing date of the transaction on June 1, 2000. On May 31, 2000, Appellant informed the boiler operator on duty that he did not accept the position offered him by UHHS.
Appellant then sought unemployment compensation, filing his first claim for the week ending June 10, 2000. On June 30, 2000, the Ohio Department of Job and Family Services ("ODJFS") issued an initial determination which held that Appellant quit work with PHS for just cause, imposed no disqualification for benefits, and allowed the first claim for the week ending June 10, 2000. PHS requested a reconsideration of this decision, and ODJFS issued a redetermination which affirmed the initial determination.
PHS then filed an appeal of the redetermination with ODJFS. ODJFS transferred jurisdiction of the claim to the unemployment compensation review commission ("review commission"). A review commission hearing officer then presided over a telephone hearing, at which appeared Appellant, a representative of PHS, and Christopher Flora, manager of plant maintenance at UHHS St. Michael and Appellant's former supervisor at PHS St. Michael.
Following the hearing, the hearing officer reversed ODJFS' determination. The officer agreed that Appellant was separated from PHS St. Michael due to lack of work. However, the hearing officer further found that Appellant refused without good cause an offer of work from UHHS. The officer suspended Appellant's benefits rights and disallowed the claim for the week ending June 10, 2000.
Appellant appealed the decision of the hearing officer to the review commission, and the commission disallowed the request for review. Appellant then appealed to the Lorain County Court of Common Pleas, which affirmed the decision of the review commission. Appellant has timely appealed from this decision, asserting two assignments of error.
 II Assignment of Error Number One The trial court erred as a matter of law by not reviewing; nor [sic] ruling on the issue of [Appellant's] non-union status at the time of his termination from employment.
In his first assignment of error, Appellant has argued that the trial court erred by failing to consider that Appellant was not a union member at the time his employment with PHS was terminated. Appellant has contended that if the trial court had considered his non-union status at PHS and that the new position he was offered by UHHS required union membership, it would have reversed the decision of the review commission and upheld his claim for unemployment compensation.
A common pleas court reviewing a determination by the review commission must affirm the decision unless it concludes that the decision was "unlawful, unreasonable, or against the manifest weight of the evidence[.]" R.C. 4141.28(N)(1).[2] When reviewing a common pleas court's decision, this Court applies the same standard. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696-697. This Court thus focuses on the decision of the review commission, rather than the determination of the common pleas court. Tenny v. OberlinCollege (Dec. 27, 2000), Lorain App. No. 00CA007661, unreported, at 3. Appellate courts are not permitted to make factual findings or determine credibility of witnesses, but reviewing courts do have a duty to determine whether the decision is supported by evidence in the record.Tzangas at 696, citing Irvine v. Unemployment Comp. Bd. of Review
(1985), 19 Ohio St.3d 15, 17-18.
Appellant has cited R.C. 4141.29(A) for the proposition that if he can show that he was not a labor union member at the time of his termination from PHS, and that the new position offered by UHHS required union membership, then "his claim for unemployment compensation stands." This Court does not find in R.C. 4141.29(A) any indication that the issue of membership in a labor union is dispositive of a claimant's right to unemployment compensation benefits. Division (E) of R.C. 4141.29, however, does address membership in labor unions in the context of a claimant's refusal to accept new work:
 No individual otherwise qualified to receive benefits shall lose the right to benefits by reason of a refusal to accept new work if:
 (1) As a condition of being so employed the individual would be required to join a company union, or to resign from or refrain from joining any bona fide labor organization, or would be denied the right to retain membership in and observe the lawful rules of any such organization.
R.C. 4141.29(E)(1).
The record of the administrative proceedings relevant to Appellant's claim for unemployment compensation contains no indication that Appellant rejected UHHS St. Michael's offer of employment because of any union membership requirements. The initial examiner's fact-finding report, the transcript of Appellant's testimony before the review commission hearing officer, and the review commission's decision all show that Appellant declined the UHHS offer because he claimed the new position reduced his hourly pay and health and pension benefits. Moreover, there is no evidence in the record that Appellant would have been required to join a union had he accepted UHHS' offer of employment. The record shows only that UHHS intended to honor the collective bargaining agreement between PHS St. Michael and its maintenance personnel.
Nevertheless, Appellant has asserted that a series of errors in law and procedure at both the administrative and common pleas levels have prevented consideration of his non-union status at PHS at the time of his termination. Appellant has maintained that the first error was a deficiency in the "Notice of Hearing" apprising Appellant and PHS of the scheduled hearing before the review commission hearing officer. Appellant has contended that the notice failed to specifically set forth his labor union status or his refusal of suitable work as an issue to be addressed at the hearing, which resulted in his being unfairly surprised by the hearing officer's inquiry into his refusal of UHHS' offer of employment. According to Appellant, the hearing officer should have assisted him with introducing evidence of his non-union status at PHS, or granted a continuance of the hearing pursuant to O.A.C. 4146-5-03(C), which provides:
 Failure to include notice of an issue in the "notice of hearing," as provided in rule 4146-5-04 of the Administrative Code, shall not preclude consideration of the issue on appeal [filed with the review commission], but if any interested party is surprised by a new issue, and unprepared to proceed, a continuance shall be granted.
This Court finds Appellant's contentions without merit. The notice of hearing states that the "issues" at the hearing will include "REASON FOR SEPARATION — Quit with or without just cause," and refers to R.C.4141.29(D)(2)(a) (prohibiting unemployment compensation benefits to claimants who "quit work without just cause"). The basis of ODJFS' initial determination that Appellant quit his work at PHS with just cause was that the transfer to new work with UHHS was not suitable. PHS' appeal of this determination was the occasion for the hearing; the suitability of UHHS' employment was therefore clearly a part of the "just cause" issue that was the subject of the hearing.
Moreover, the transcript of the hearing does not support that Appellant was surprised by any inquiry into UHHS' offer of employment. Appellant made no request for a continuance, and gave no indication that he was unprepared to address any of the issues that were considered at the hearing. In fact, Appellant clearly stated at the hearing that he was not a member of a labor union at PHS, but did not contend that the position offered by UHHS required union membership or cite such a membership requirement among his reasons for rejecting UHHS' offer of employment. The only reasons Appellant offered at the hearing for his rejection of UHHS' offer was that the UHHS position required a reduction in pay from $15.51 to $14.10 per hour, and a reduction in health and pension benefits. The transcript further shows that the hearing officer gave Appellant every opportunity to present his case and offer evidence in support of his position. The hearing officer had no duty to present or establish Appellant's case. Tilford-Harris v. Bd. of Review (Oct. 8, 1987), Cuyahoga App. No. 52742, unreported, 1987 Ohio App. LEXIS 9124, at *8.
Appellant has also argued that he should have been permitted to present additional evidence on appeal to the court of common pleas pursuant to O.A.C. 4146-7-02(B), which provides:
 All facts relevant to a fair and complete decision shall be received as directly and simply as possible. The proceedings shall be informal, and the review commission and hearing officers shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure.
The provisions of O.A.C. 4146-7-02, however, apply to proceedings before the review commission, at which Appellant made no attempt to introduce the evidence he now claims the common pleas court erroneously excluded. On appeal to the court of common pleas, "[t]he appeal shall be heard upon [the] record certified by the [review] commission." R.C. 4141.28(N)(1). With respect to this provision, the Ohio Supreme Court has stated "the Court of Common Pleas is not authorized to receive evidence but the appeal shall be heard upon such record certified by the board[.]" (Quotations omitted.) Hall v. American Brake Shoe Co. (1968),13 Ohio St.2d 11, 14.
Finally, Appellant has argued that the court of common pleas has discretion to admit additional evidence in an appeal from an administrative proceeding pursuant to R.C. 119.12, and that the trial court abused its discretion in failing to admit additional evidence of his union membership status. R.C. 119.12, however, applies by its terms to appeals from "adjudication[s] denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under [R.C. 4301.252]," as well as appeals which must be made to the court of common pleas of Franklin County. R.C. 119.12. The procedure for appeals from decisions of the review commission is set forth at R.C. 4141.28(N)(1) et seq. and, unlike R.C. 119.12, does not provide for discretionary admission of new evidence. See Amara v. Unemp. Comp. Rev. Comm. (July 8, 1999), Franklin App. No. 98AP-1279, unreported, 1999 Ohio App. LEXIS 3193, at *5. Appellant's first assignment of error is without merit.
 Assignment of Error Number Two The decision of the trial court was against the manifest weight of the evidence.
In his second assignment of error, Appellant has argued that the decision denying his claim for unemployment compensation was against the manifest weight of the evidence. Specifically, Appellant has contended that there was evidence that the offer of new employment made by UHHS was not suitable because it was conditioned upon Appellant's membership in a labor union.
"When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context." Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra.
The Unemployment Compensation Act was designed to protect individuals "`who had worked, [were] able and willing to work, but [were] temporarily without employment through no fault or agreement of their own.'"19 Ohio St.3d at 17, quoting Salzl v. Gibson Greeting Cards (1980),61 Ohio St.2d 35, 39. The Act:
 [D]oes not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament.
Tzangas, 73 Ohio St.3d at 697-698.
In accordance with the Act's purpose of protecting only against employment that is involuntary, an individual cannot receive benefits if he has declined an offer of suitable work without just cause. R.C.4141.29(D)(2)(b). Whether work offered is "suitable" is for determination by the trier of the facts. Pennington v. Dudley (1967), 10 Ohio St.2d 90, paragraph two of the syllabus.
In the instant case, the review commission found that Appellant refused without just cause an offer of suitable work with UHHS effective June 1, 2000. The commission specifically found:
 The wages, hours and working conditions were the same as those of his previous employment. The work was a reasonable distance from his residence. [Appellant] was physically fit for the work. The work was suitable in light of his prior training and experience. [Appellant] had no prospects for obtaining other work. This offer of work posed no greater degree of risk to [Appellant's] health, safety or morals than did his previous work.
The review commission further found that Appellant would have been entitled to health care and pension benefits with UHHS, and that any reduction in benefits did not constitute "just cause" for his refusal of UHHS' offer of employment.
The record supports the commission's findings. The written offer of employment from UHHS states that Appellant would have received a wage of $14.10 per hour, which was the same base rate of pay he received at his job with PHS. Christopher Flora, manager of plant maintenance at St. Michael's hospital under both PHS and UHHS, testified at the review commission hearing that Appellant would have received the same ten percent shift differential at UHHS that he had received at PHS, so that his hourly wage would have been the same. The only evidence regarding health and pension benefits was Appellant's testimony that the health care plan offered by UHHS came at an increased cost and offered eighty to eighty-five percent of the coverage of his plan at PHS. Appellant also testified that he was unable to obtain a guarantee that UHHS would contribute matching funds to his 401k plan. Appellant conceded at the hearing that he did not contact Mr. Flora to discuss his concerns about any reductions in pay or benefits.
This Court cannot conclude that the commission clearly lost its way and created a manifest miscarriage of justice in determining that Appellant refused without just cause UHHS' offer of employment. The commission's findings and conclusion that UHHS' offer of employment was suitable are supported by the record. There is no evidence in the record to support Appellant's contention that if he had accepted UHHS' offer he would have been required to join a labor union, or that the prospect of union membership was in any way a factor in Appellant's refusal of the offer. Appellant's argument that the determination denying his claim for unemployment compensation was against the manifest weight of the evidence is without merit.
 III
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] Although the position offered to Appellant was titled "fireman," the work required by the position was identical to that performed by Appellant in his position as a boiler operator.
[2] By amendment effective October 31, 2001, the provisions governing administrative appeals to the court of common pleas from decisions of the review commission appear at R.C. 4141.282. Statutory references to the relevant provisions throughout this opinion, however, are to R.C.4141.28(N)(1) et seq., which were applicable at the time Appellant's appeal was pending before the court of common pleas.