JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Willard J. Franklin, appeals the determination of the Cuyahoga County Court of Common Pleas, Civil Division, in which the lower court affirmed the decision of the Unemployment Compensation Review Commission finding that Franklin quit his employment without just cause and therefore is not eligible for unemployment compensation.
 {¶ 2} Franklin worked for the United States Postal Service from January 2, 1988 through August 19, 2000 as a letter carrier with the Briggs Station Branch Office in Cuyahoga County, Ohio. In the spring of 2000, he submitted a request for a job transfer to the New York City area. Anticipating that the transfer would be approved, he sold his house in Ohio, and in July 2000, he leased an apartment in New York and moved his possessions there. He sold his home and moved his possessions prior to ever receiving an approved transfer to New York.
 {¶ 3} The anticipated job transfer to New York was thereafter denied and because Franklin could not feasibly reside in New York and continue to work in Cuyahoga County, he resigned his position with the Postal Service effective August 20, 2000.
 {¶ 4} After resigning his position, he sought unemployment compensation benefits, which were denied for the above-stated reasons. It is from this denial of benefits that Franklin now appeals. For the following reasons, the appellant's appeal is not well taken.
 {¶ 5} The sole issue presented on appeal is whether the decision of the Ohio Department of Jobs and Family Services (ODJFS) finding that the appellant quit his employment without just cause and therefore was precluded from receiving unemployment compensation is unreasonable, unlawful or against the manifest weight of the evidence.
 {¶ 6} A party dissatisfied with the ultimate decision of the Unemployment Compensation Board of Review may appeal that decision to the appropriate court of common pleas, which shall hear the appeal solely on the record certified by the board of review. R.C. 4141.28(o)(1). See Wigest Corp., dba Cub Foods, Swan Creek v. Todd, et al. (April 4, 1997), Lucas App. No. L-96-327. Pursuant to statute, a common pleas court may reverse the decision of the board only if the decision is unlawful, unreasonable or against the manifest weight of the evidence. Absent one of these findings, the trial court must affirm the board's decision.Tzangas, Plakas Mannas v. Ohio Bur. Of Emp. Serv. (1995),73 Ohio St.3d 694, 653 N.E.2d 1207.
 {¶ 7} The Tzangas court noted further that an appellate court may not make factual findings or determine the credibility of witnesses. Id.
At 696-97. Rather, factual determinations are the exclusive province of the hearing officer and the board of review. Hall v. American Brake ShoeCo. (1968), 13 Ohio St.2d 11, 14; Brown-Brockmeyer Co. v. Roach (1947),148 Ohio St. 511. An appellate court may not weigh the evidence and substitute its judgment for that of the administrative hearing officer in factual determinations. Simon v. Lake Geauga Printing Co. (1982),69 Ohio St.2d 41, 45. Determinations that are supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E. Morris v. Foley Const. Co. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 8} In order to be eligible for unemployment compensation benefits in Ohio, a claimant must satisfy the criteria set forth in R.C.4141.29(d)(2)(a) which provides in part:
 {¶ 9} (D) * * * [No] individual may * * * be paid benefits * * *:
 {¶ 10} (2) for the duration of his employment if the administrator finds that:
 {¶ 11} (a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *.
 {¶ 12} The Ohio Supreme Court has defined just cause as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. Irvine v. Emp. Comp. Bd. of Review
(1985), 19 Ohio St.3d 15, 17; Tzangas, Plakas Mannas, supra; seealso Angelkavski v. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159. Just cause is a question of fact which requires the application of a reasonableness standard on a case-by-case basis.
 {¶ 13} In the case at hand, the appellant quit his employment with the postal service in Cuyahoga County because he had moved to New York in anticipation of obtaining employment with the postal service in New York. The appellant initiated the move to New York prior to obtaining an approved transfer. Simply, the appellant put the cart before the horse in moving his possessions to New York prior to obtaining an approved transfer. There is no evidence in the record, nor is an argument made, that the appellant relied on any type of reassurance from his superiors that his transfer would be approved before initiating the move to New York. To the contrary, the appellant, on his own accord and without an approved employment transfer, picked up and moved to New York. The appellant was not forced into this life-altering situation by anyone other than himself.
 {¶ 14} Additionally, the appellant attempts to craft an argument that his transfer was sabotaged because disciplinary letters were improperly placed in his personnel file, but the appellant's employment record is not at issue in this appeal. The only issue before this court is whether the appellant acted reasonably when he moved to New York prior to his transfer being approved, and in reviewing the record, it is abundantly clear that the appellant did not act reasonably. There is no statutory entitlement to a transfer, nor does the postal service have to issue a transfer simply because the appellant sought one. Many factors come into play in determining if a transfer is feasible, and by selling his home and moving to New York prior to a determination, the appellant acted in an uneducated fashion and unreasonable manner.
 {¶ 15} For the foregoing reasons, we find that sufficient evidence was presented from which the Employment Compensation Review Commission could reasonably have concluded that the appellant quit his job without just cause, per R.C. 4141.29(D)(2)(a). The board's decision was therefore not against the manifest weight of the evidence presented, and the decision of the court below must be affirmed. See R.C. 4141.28(O);Brown-Brockmeyer Co. v. Roach (1947), 148 Ohio St. 511.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).