[Cite as *Taralla v. Union Hosp. Assn., Inc.*, 2011-Ohio-4006.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TALLY TARALLA | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| UNION HOSPITAL ASSOCIATION, | : | Case No. 10AP110045 |
| INC., ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas,
                            Case No. 2009AA121321

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     August 11, 2011

APPEARANCES:

For Plaintiff-Appellant              For Defendants-Appellees

MICHAEL C. JOHNSON                   HARRY C. E. TOLHURST, III
P.O. Box 1007                        405 Chauncy Avenue, NW
New Philadelphia, OH  44663          P.O. Box 668
                                     New Philadelphia, OH  44663

                                     SUSAN M. SHEFFIELD
                                     20 West Federal Street
                                     3rd Floor
                                     Youngstown, OH  44503

*Farmer, P.J.*

{¶1}   On November 11, 2002, appellant, Tally Taralla, became employed with appellee, Union Hospital Association, Inc., as a first-assist surgical scrub technician. Appellant was discharged on December 5, 2008.

{¶2}   Thereafter, appellant filed for unemployment compensation.  On January 5, 2008, appellant was granted unemployment compensation benefits.  An employer's appeal hearing was held by the review commission on November 2, 2009.  By decision dated November 18, 2009, the hearing officer reversed the award of unemployment compensation benefits, found a $10,140.00 overpayment, and ordered repayment. Appellant filed a request for review which was denied on December 9, 2009.

{¶3}   On December 18, 2009, appellant filed an appeal with the Court of Common Pleas of Tuscarawas County.  A hearing was held on April 12, 2010.  By judgment entry filed October 29, 2010, the trial court affirmed the commission's decision.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT DECISION TO UPHOLD THE COMMISSION'S DECISION WAS UNLAWFUL, UNREASONABLE OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶6}   Appellant claims the trial court erred in finding the commission's decision was not unlawful, unreasonable or against the manifest weight of the evidence.  We disagree.

{¶7}   R.C. 4141.282 governs unemployment compensation appeals to the court of common pleas.  Subsection (H) states the following:

{¶8}   "The court shall hear the appeal on the certified record provided by the commission.  If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission.  Otherwise, the court shall affirm the decision of the commission."

{¶9}   Our role in reviewing the trial court's decision is to determine whether the trial court appropriately applied the standard of unlawful, unreasonable or against the manifest weight of the evidence.  *Tzangas, Plakas & Mannos v. Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 1995-Ohio-206.  While we are not permitted to make factual findings or determine the credibility of witnesses, we have the duty to determine whether the commission's decision is supported by the evidence in the record.  *Hall v. American Brake Shoe Co.* (1968), 13 Ohio St.2d 11; *Kilgore v. Board of Review* (1965), 2 Ohio App.2d 69.  This same standard of review is shared by all reviewing courts, from common pleas courts to the Supreme Court of Ohio.  We are to review the commission's decision sub judice and determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence.  We note a judgment supported by some competent, credible evidence will not be reversed as against the

manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279.

{¶10} Unemployment compensation can be denied if the claimant quit his/her job without just cause or was discharged for just cause. R.C. 4141.29(D)(2)(a). "Just cause" is defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine v. Unemployment Compensation Board* (1985), 19 Ohio St.3d 15, 17, quoting *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12. The *Irvine* court at 17 further stated "each case must be considered upon its particular merits." In reviewing such a determination, we are not permitted to reinterpret the facts or put our "spin" to the facts.

{¶11} The commission determined appellant was discharged for just cause. Appellant argues there was "zero" direct testimony as to the issue of just cause, and the only evidence presented was hearsay. We note in the informal setting of the Unemployment Compensation Review Commission, otherwise inadmissible testimony is permitted:

{¶12} "To restate the above, evidence which might constitute inadmissible hearsay where stringent rules of evidence are followed must be taken into account in proceedings such as this where relaxed rules of evidence are applied. Consequently, it was the referee's function, as the trier of fact, to consider the evidence listed above, along with the credibility of the individuals giving testimony before the board (in this case, the claimant), in reaching his decision." *Simon v. Lake Geauga Printing Co.,* (1982), 69 Ohio St.2d 41, 44.

{¶13} R.C. 4141.281(C)(2) provides in pertinent part:

{¶14} "The principles of due process in administrative hearings shall be applied to all hearings conducted under the authority of the commission. In conducting hearings, all hearing officers shall control the conduct of the hearing, exclude irrelevant or cumulative evidence, and give weight to the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of serious affairs. Hearing officers have an affirmative duty to question parties and witnesses in order to ascertain the relevant facts and to fully and fairly develop the record. Hearing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure. No person shall impose upon the claimant or the employer any burden of proof as is required in a court of law."

{¶15} Appellant argues the only evidence offered to establish the alleged violations was hearsay via an email sent to appellee's RN Director of Medical Services, Carma Clarke, and it was directly contradicted by her own sworn testimony; therefore, her testimony should have been given greater weight than Ms. Clarke's.

{¶16} The hearing officer's decision dated November 18, 2009 denying appellant unemployment compensation benefits was based upon the following reasoning:

{¶17} "Claimant was discharged by Union Hospital Association, Inc. due to inappropriate conduct. The evidence and testimony presented establishes that claimant came to the emergency department of the hospital where she worked looking for her nineteen-year-old son, used hospital employees to gain access to patient areas of the emergency department without waiting in any patient lines and without explaining her purpose for visiting the emergency department, and then shouted and acted inappropriately in the patient areas of the emergency department. Claimant knew or

should have known that her conduct was highly inappropriate and would not be tolerated. Claimant's actions constitute misconduct that will serve to suspend her unemployment compensation benefits. Claimant was discharged by Union Hospital Association, Inc. for just cause in connection with work. As claimant's separation was disqualifying, her Application for Determination of Benefit Rights is disallowed. Based upon this decision, claimant received unemployment compensation benefits to which she was not entitled and she will be ordered to repay those benefits to the Ohio Department of Job and Family Services."

{¶18} As stated supra, this court is not permitted to make factual findings or determine the credibility of witnesses. Our duty is to determine whether the decision of the hearing officer and the commission is supported by the evidence in the record.

{¶19} In support of its argument that appellant was discharged for just cause, appellee presented Employer's Exhibit 1, an e-mail made contemporaneously to the incident:

{¶20} "I just wanted to let you know about an incident we had tonight at 2030. At 2030, a surgical scrub tech Tally Taralla came into the ER registration window and states 'surgery'. We assumed she ment (sic) that she had a surgery case and needed to be buzzed through. She came into the ER side doors and walked into the nurses station and was stating to the unit clerk Ryann Wells that she needed to find her son, that he had called and said he was somewhere in the hospital and he was crying. The unit clerk told her that her son was not here on the big board and she stormed out to registration and demanding angrily to know where her son was and stating 'why can't you people find my son' 'what's wrong with you people in this hospital'. This event was

witnessed by many ER staff members and all were appalled by her behavior. Becky Britton, Tiffanie Grimm, Deb Toth, Ryann Wells and Dr. Pleshinger. This employee was very inappropritate (sic) barging into the nurses station where many patient records are kept, she was yelling at the main ER registration where many patients heard her. I hope none of them have a surgical procedure and recognize her when she's in surgery, as this does not reflect well for our hospital. Thank you for your time. I hope this matter is looked into."

{¶21} Ms. Clarke testified she received the e-mail and investigated the incident with the parties named therein. November 2, 2009 T. at 10-11. Through her investigation, she found their statements to be consistent with each other's and the statements made in the email. Id. at 11.

{¶22} Appellant consistently denied that she used her status to gain access to the ER over a line of waiting public patients. However, appellant stated the following on direct:

{¶23} "Q. Alright. Now, when you first got there, what did, and they saw you, how did you get beeped in?

{¶24} "A. There was a line (inaudible) so I looked at the lady, the registered nurse and said, 'Will you beep me in please?' and she beeped me in and I went around back and there was nobody there but somebody (inaudible)." Id. at 22.

{¶25} Appellant denied she was out of control, aggressive, and made inappropriate statements concerning the hospital, but conceded she was not calm and was upset and frustrated. Id. at 18. After being told her son could not be located in the hospital computer, appellant asked the receptionist to look at least two more times. Id.

at 21.  Appellant denied yelling or screaming, but admitted to "ongoing" concerns about her attitude as intimidating and scary to fellow employees.  T. at 19-20.

{¶26}  Upon review, we find given the testimony of appellant and Ms. Clarke, there was sufficient credible evidence in the record to substantiate the trial court's affirmance of the commission's decision.

{¶27}  The sole assignment of error is denied.

{¶28}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, P.J.

Edwards, J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ Julie A. Edwards_____


_s/ Patricia A. Delaney_____

JUDGES


SGF/sg705

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TALLY TARALLA | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| UNION HOSPITAL ASSOCIATION, | : | |
| INC., ET AL. | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 10AP110045 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ Julie A. Edwards_____

_s/ Patricia A. Delaney_____

JUDGES