[Cite as *Hunt v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-4359.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TERRY S. HUNT | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| DIRECTOR, OHIO DEPARTMENT | : | |
| OF JOB & FAMILY SERVICES, ET AL. | : | Case No. 12CAH040024 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 11CVF070788

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      September 24, 2012

APPEARANCES:

For Plaintiff-Appellant             For Defendant-Appellant

TERRY S. HUNT, PRO SE         DAVID E. LEFTON
4323 South Sectionline Road      30 East Broad Street
Delaware, OH  43015              26th Floor
                                         Columbus, OH  43215

*Farmer, J.*

{¶1} On September 1, 2010, appellant, Terry Hunt, was terminated from his employment with appellee, UPS Ground Freight, Inc. Appellant was an over-the-road truck driver. Appellant applied for unemployment compensation which was granted.

{¶2} On November 1, 2010, appellee, Director, Ohio Department of Job and Family Services, issued a redetermination letter, finding appellant was terminated without just cause and therefore was entitled to unemployment compensation.

{¶3} Appellee appealed and the matter was transferred to the Review Commission. An evidentiary hearing via telephone conference call was held on March 9, 2011. By decision mailed March 17, 2011, the hearing officer reversed appellee Director's determination and found appellant had been terminated for just cause (falsification of driver logs). Appellant was ordered to repay the benefits he had received.

{¶4} Appellant requested further review which the Review Commission denied on June 2, 2011.

{¶5} Appellant appealed to the Court of Common Pleas of Delaware County. By judgment entry filed March 9, 2012, the trial court affirmed the Review Commission's decision.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. As appellant failed to list any assignments of error pursuant to App.R. 16(A)(3), we glean the following assignments from appellant's arguments:

I

{¶7}  "APPELLANT WAS DENIED DUE PROCESS IN HIS UNEMPLOYMENT COMPENSATION CASE."

II

{¶8}  "THE FINDING OF 'JUST CAUSE' FOR TERMINATION WAS NOT SUPPORTED BY RELIABLE, CREDIBLE EVIDENCE AND WAS UNLAWFUL, UNREASONABLE, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶9}  Appellant claims he was not afforded "due process" as he was not offered a third hearing on the validity of his unemployment compensation claim.  We disagree.

{¶10}  Appellant argues the March 9, 2011 telephone conference call hearing did not give him the ability to present witnesses and argue his case.

{¶11}  The Review Commission file included instructions for subpoenaing witnesses, presenting documents, reviewing the file, and requesting a continuance.  See, Notice of Hearing dated February 23, 2011.  We find this notice and the accompanying instructions to be plain and clear and appellant had ample opportunity to call witnesses and present documentation.

{¶12}  A transcript of the telephone conference call hearing was filed with the appeal.  The hearing officer explained the hearing procedures to the parties as follows:

{¶13}  "HEARING OFFICER: All right.  Um, I will begin by explaining the procedure of these hearings.  Um, my name again is Lisa Slotnick.  I'm a hearing officer with the Commission.  I will be conducting today's hearing and I will also be the person who issues the decision in this case.  At the beginning of the hearing I'll be

reading a short statement into the record which will explain how this matter has come before me. Since this has been previously ruled discharge from employment I will begin with questioning the employer witness. After I'm done with my questions the claimant will have an opportunity to ask any questions of the employer witness that are relevant. After that I will swear in the claimant. I will then ask the claimant a number of questions concerning his separation from employment. When I am done with my questions the employer representative with (sic) then be given an opportunity to question the witness. The claimant witness as well. Um, if there is any additional witnesses, we will discuss those witnesses at that time. At the conclusion of the hearing I will allow each party or their representative to make a brief statement in closing if they would like to make one. Following the hearing I'll be issuing a written decision which will be mailed from our Columbus office through the US Postal Service. Does anyone have any questions regarding the procedure?

{¶14} "JEFF KEMPER: No ma'am.

{¶15} "TERRY HUNT: I'm good." March 9, 2011 T. at 4-5.

{¶16} Upon review, we find appellant was afforded due process.

{¶17} Assignment of Error I is denied.

II

{¶18} Appellant claims the finding of "just cause" for termination was not supported by reliable, credible evidence and was unlawful, unreasonable, and against the manifest weight of the evidence. We disagree.

{¶19} Our role in reviewing the trial court's decision is to determine whether the trial court appropriately applied the standard of unlawful, unreasonable or against the

manifest weight of the evidence. *Tzangas, Plakas & Mannos v. Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 1995–Ohio–206. While we are not permitted to make factual findings or determine the credibility of witnesses, we have the duty to determine whether the commission's decision is supported by the evidence in the record. *Hall v. American Brake Shoe Co.* (1968), 13 Ohio St.2d 11; *Kilgore v. Board of Review* (1965), 2 Ohio App.2d 69. This same standard of review is shared by all reviewing courts, from common pleas courts to the Supreme Court of Ohio. We are to review the commission's decision sub judice and determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence.

{¶20} Unemployment compensation can be denied if the claimant quit his/her job without just cause or was discharged for just cause. R.C. 4141.29(D)(2)(a). "Just cause" is defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine v. Unemployment Compensation Board* (1985), 19 Ohio St.3d 15, 17, quoting *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12. The *Irvine* court at 17 further stated "each case must be considered upon its particular merits." In reviewing such a determination, we are not permitted to reinterpret the facts or put our "spin" to the facts.

{¶21} In finding appellee terminated appellant for just cause, the hearing officer found the following in her decision mailed March 17, 2011:

{¶22} "Claimant was employed by USP Ground Freight Inc. Company Inc. from June 23, 2009, until September 1, 2010, as an Over the Road Truck Driver. Claimant falsified his driver logs that he kept during his work in the month of August 2010. Falsifying the logs is illegal and a violation of Department of Transportation rules and

the employer's policy. Claimant was aware that falsifying his logs was illegal and a violation of Department of Transportation rules and the employer's policy. The employer discovered the falsified logs and terminated the claimant."

{¶23} In affirming the hearing officer's determination, the trial court found the following in its decision filed March 9, 2012:

{¶24} "During the March 9, 2011 hearing, UPS representative Jeff Kemper testified that Hunt was discharged in August, 2010 after it was discovered that he had falsified his driver logs on four separate occasions, to wit: August 2, 2010, August 9, 2010, August 16, 2010 and August 23, 2010.

{¶25} "According to Kemper, Department of Transportation regulations prohibit a driver from driving more than 11 hours without taking a mandatory 10 hour break. The regulations also require that a day cab driver must go to a designated safe house (i.e. a hotel) for such a break and a driver cannot simply pull over and legally sleep in his truck unless the truck is equipped with a sleeper. In August, 2010 Appellant was driving a day cab truck not equipped with a sleeper.

{¶26} "During the review hearing, Appellant Hunt confirmed that he was aware of these regulations. He further admitted that he violated the regulations by driving more than 11 hours without taking the required break and that he had falsified his logs. He also admitted that when he was first confronted by his UPS supervisor he lied and told his supervisor that he had been taking a break, as required, and paying for a hotel with his own money. He subsequently (the next day) admitted to his supervisor that he had lied about the hotel room.

{¶27} "UPS representative Kemper testified that the 11 hour driving limitation is not only a Federal DOT regulation, but is also part of the UPS Handbook. He further testified that the consequence for falsification of company documents was 'immediate termination'.

{¶28} "Besides testimony, the Hearing Officer was also provided copies of the Appellant's daily driver logs for August 2, 2010, August 9, 2010, August 16, 2010 and August 23, 2010, and other documentation regarding the time the Appellant was driving on those dates, as well as a copy of the regulations. The regulations state, in relevant part, that a driver cannot drive more than 11 hours without at least 10 consecutive hours off duty."

{¶29} Appellant honestly and candidly admitted to falsifying his logs. March 9, 2011 T. at 14, 27. Mr. Kemper, appellee's Operations Manager, testified appellant's log book and the log book at the gate substantiated that appellant exceeded the ten hour rule. Id. at 8, 12. Appellee's employee handbook specifically informs a driver of time restrictions. Id. at 12-13. Appellant falsified his log book which was grounds for immediate termination. Id.

{¶30} It was appellant's testimony that the company required him to make illegal runs time-wise and sanctioned them. Id. at 22-23, 26. Appellant did not present any substantiating witnesses.

{¶31} Upon review, we find there was reliable, credible evidence to support the finding of just cause, and the trial court did not err in determining the Review Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.

{¶32}  Assignment of Error II is denied.

{¶33}  The judgment of the Court of Common Pleas of Delaware County, Ohio is

hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.


s / Sheila G. Farmer_____


_s/ W. Scott Gwin_____


s/ William B. Hoffman_____

JUDGES


SGF/sg 907

[Cite as *Hunt v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-4359.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TERRY S. HUNT | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DIRECTOR, OHIO DEPARTMENT | : | |
| OF JOB & FAMILY SERVICES, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 12CAH040024 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to appellant.

s / Sheila G. Farmer_____

_s/ W. Scott Gwin_____

s/ William B. Hoffman_____

JUDGES